JOSEPH SCOLLY & COMPANY, plaintiffs in error, vs. DAVID K. BUTLER, defendant in error.

1. Where the venue of the levy is in Mitchell county—the levy beginning. "Georgia, Mitchell county"—and the land levied on is described as lots numbers five and thirty-six, in the eleventh district, the levy will be considered to mean those lots in that district *in Mitchell county*, and will be held sufficiently plain.

2. When there is but one defendant to the execution, and the claim affidavit recognizes the land to have been levied on "as the property of said defendant, George W. West," the claimant is estopped from excepting to the levy on the ground that the words " as the property of the defendant," are omitted from the levy.

Claim. Levy and sale. Estoppel. Before Judge WRIGHT. Mitchell Superior Court. November Adjourned Term, 1876.

Reported in the opinion.

GURLEY & TOWNSEND ; B. B. BOWER, for plaintiffs in error.

W. O. FLEMING ; JAMES H. SPENCE, for defendant.

JACKSON, Judge.

This was a claim case, and on the trial the court, on motion of the claimant, dismissed the levy, and the single point

is, was the levy sufficient under section 3640 of the Code.

1. The levy was upon land, and in these words : " Georgia Mitchell county—I have this day levied the within *fi. fa.* on lots of land numbers five and thirty-six, in the eleventh district. March 17th, 1875. A. G. Stewart, deputy sheriff." Section 3640 of the Code requires that the property shall be plainly described, as well as the interest of the defendant therein. We think that the property is described with sufficient certainty. The numbers and district of the lots will be construed to mean those numbers in the eleventh district of Mitchell, as the levy begins with the words : " Georgia, Mitchell county." The written words on the *fi. fa.* constitute the levy, as the property is land, in this state ; and those words are " Georgia, Mitchell county," to begin with, and the levy must have been made there, because those words are part of the levy itself, and hence the land must lay in that county. 50 *Ga.*, 423.

2. But it is said that defendant's interest in the property is not described in the levy ; that it does not appear that he has any interest in it at all, the words " as defendant's property" being omitted from the levy. The reply seems to be conclusive, that the claimant is estopped from excepting to the levy on this ground, for the reason that he himself has sworn that it was levied on as defendant's property. The claim affidavit so states distinctly, and this oath of the claimant, by which the whole case is brought into court for trial, should estop him from a denial of the truth of that oath, if there be such a thing as estoppel in any case. 54 *Ga.*, 296. It is true that the case there is one of personal property, and the court intimates that the principle may not extend to real estate. But we hold that where there is but one defendant in *fi. fa.*, and the claim affidavit sets out that the land was levied on as defendant's property, and the exception to the levy is only that the levy does not set out that the land is levied on as defendant's property, the principle ruled in 54 *Ga.*, 296, does apply, and in such a case the claimant is estopped from making the objection.

As the record is confused in regard to the offer to amend the levy and the ruling thereon, we say nothing about that exception.

Let the judgment be reversed.