## CONNOLLY *v.* ATLANTIC CONTRACTING COMPANY *et al.*

1. Where an attachment was sued out against four defendants, and the return of the levying officer showed that the property seized was levied on as the property of only one of them, the levy was properly dismissed as to the other three.
2. In the absence of evidence to the contrary, it will be presumed that an officer did his duty and did not exceed his authority; and when the return of an officer on the levy of an attachment fails to show in what county the levy was made, but the levy is in other respects legal and regular, the failure to set out where the levy was made is no ground for dismissal.

Argued April 13, — Decided May 11, 1904.

Attachment.  Before Judge Norwood.  City court of Savannah.  January 5, 1904.

*David C. Barrow,* for plaintiff.
*Walter G. Charlton,* for defendant.

CANDLER, J.  On August 24, 1900, Connolly sued out an attachment in Chatham county against the Atlantic Contracting Company, a West Virginia corporation, and B. D. Green, J. F. Gaynor, and E. F. Gaynor, the grounds of attachment being the non-residence of the defendants.  The return of the officer on this attachment was as follows:  "I have this day levied the within attachment upon one tug-boat Wm. C. Turner, one tug-boat Harold, both steamers, three wooden barges not named, one large yawl-boat, one small yawl-boat, one boiler and pumps, one wheel of iron, the said tugs and barges now lying in the river in Savannah harbor opposite East Broad, except the yawls, which with the boiler and pumps and wheel are in the storehouse on the island across the river.  Levied on as the property of the Atlantic Contracting Company.  Levied on this Aug. 24, at 5:45 p. m., 1900. [Signed] M. L. Lilienthal, C. C. Co., Ga."  On September 8, 1900, counsel for the plaintiff filed an application for a speedy sale of the property levied on, upon the ground that to keep the same pending the litigation would be expensive and burdensome.  Service of notice of the applicant's intention to apply for the order to sell was acknowledged by Walter G. Charlton, Esq., as attorney for the defendants.  On the hearing of the application the property in question was by the court ordered to be sold.  The declaration in attachment, which was made returnable to the November term, 1900, of the city court of Savannah, was served upon the firm of Charlton & Charlton, as attorneys for the Atlantic Contracting Company, by serving R. M. Charlton, a member of said firm.  The return of service was traversed; and it being made to appear that the defendants were represented by Walter G. Charlton, and not by the firm of Charlton & Charlton, the return was stricken and the traverse sustained.  The answer of the defendants denied all the material allegations of the declaration.  At the trial the levy was dismissed as to Green and the Gaynors, on the ground that the property seized was not levied on as their property; and as to the Atlantic Contracting Company it was dismissed because the levy

did not show where the property was seized. Before the levy was dismissed as to the Atlantic Contracting Company, counsel for the plaintiff asked the court to consider the papers of record in the case, and to permit the introduction of oral evidence in aid of the levy, to show that the locality named therein at which the property was seized was in Chatham county. This motion the court overruled. It was further moved that, in view of the fact that the officer who made the levy was dead, the court, after hearing evidence on the subject, should amend the return by adding the words "Georgia, Chatham county," but this motion was likewise refused. To the judgment dismissing the levy as to the four defendants, and refusing to consider the record or hear aliunde evidence as to the locality of the property at the time of the levy, the plaintiff excepted. The record contains a brief of the evidence introduced on the trial; but inasmuch as the questions set out in the foregoing statement are the only ones for decision by this court, a more detailed statement of the evidence is unnecessary.

1. There was no error in dismissing the levy and attachment as to Green and the two Gaynors. The property seized was levied upon as the property alone of the Atlantic Contracting Company, and this is distinctly shown by the levy itself. In *Tuells* v. *Torras*, 113 *Ga.* 691, it was held that "It is essential to the validity of the levy of an attachment, issued against a non-resident, that the entry of levy should show that the property was levied on as that of the defendant in attachment; and this is so whether the property be realty or personalty." In the opinion of Mr. Justice Cobb in that case the question now under consideration was fully discussed, and further discussion of it now would be useless. See also *New England Mortgage Co.* v. *Watson*, 99 *Ga.* 735. In order for the levy to have been good as against all four of the defendants, it must have appeared in the return that there was a valid seizure of property belonging to each and all of them; and the levy failing to show that any of the property levied on belonged to Green or the Gaynors, it was properly dismissed as to them.

2. The court erred in dismissing the levy and attachment as to the Atlantic Contracting Company, and in refusing to consider the papers of record, and other evidence, in aid of the levy. All

the property levied on was personalty, and was accurately described in the levy. It was seized as the property of the Atlantic Contracting Company, and the levy complied fully with all the requirements of the code. Attachments returnable to the superior, city, or county courts are, under the Civil Code, § 4519, directed to "all and singular the sheriffs and constables of this State;" and under section 4530 it is provided that "It shall be the duty of any one of the officers to whom an attachment may be directed, to levy the same upon the property of the defendant that may be found in the county of which he is sheriff, or constable, and when any attachment shall come into the hands of any officer of the county in which such attachment is returnable, and the defendant shall have removed his property beyond the limits of said county before such an attachment is executed, it shall be the duty of the officer having such attachment to follow such property into any county in the State and levy the same, and bring the property back into the county where the attachment is returnable." It is a well-settled principle of law that, in the absence of proof to the contrary, courts will always presume that an officer has done his duty. It will not be assumed that he has exceeded his authority or violated the law. In this case the officer was authorized to levy the attachment on any property of either of the four defendants, to be found anywhere in Chatham county, or to follow such property beyond the limits of the county if it should have been removed therefrom before the attachment was executed. In the absence of any evidence on the subject it must be taken for granted that he complied with the statute. The return shows that certain personalty was attached. Presumably, absolute dominion was taken over it by the officer making the levy. It appears from his return that at the time of the seizure it was in part lying in the river in Savannah harbor, and in part was in a storehouse on an island "across the river." The answer of the defendants admitted that the officer was a lawful constable of Chatham county, and that he made the levy as shown by his return. In *Cohen* v. *Broughton*, 54 *Ga.* 296, it was held that where personal property is claimed by a third person, and the claim affidavit and bond recite that it has been levied on, the claimant is estopped to deny the completeness of the levy. To the same effect see *Scolly* v. *Butler*, 59 *Ga.* 850.

In the case at bar the Atlantic Contracting Company, together with the other defendants, admitted the levy, and in its answer made no question as to the authority of the officer to make it. In view of the presumption before alluded to, in favor of the validity of the acts of an officer, the burden of showing that he acted without authority or that his act was otherwise illegal would certainly seem to be on the party attacking the levy. The court would have been justified in admitting evidence to show where the levy was made, or in looking to the record, with the entries thereon, to ascertain the truth in regard to the matter. We know of no statute or decision in this State which requires that the return of a levying officer shall show where the levy is made. The officer could not legally make the levy outside the State of Georgia, nor, unless the property had been removed therefrom, outside Chatham county; but in the absence of proof on the subject it will not be presumed that he did do so. The law only requires that the officer making the levy shall enter the same on the process by virtue of which the levy is made, and that the levy shall plainly describe the property levied on and state the amount of the interest of the defendant therein. Here the levy accurately described the property and stated that it was the property of the Atlantic Contracting Company. In the case of *Hiles Co.* v. *King*, 109 *Ga.* 180, it was held that when a sheriff's entry upon an attachment recites that he levied it upon a certain tract of land, prima facie there was a lawful seizure, and consequently where an execution issued upon a judgment rendered in an attachment case was subsequently levied on the same land and met by a claim, it was error to dismiss the latter levy on the ground that the entry upon the attachment did not recite that the sheriff had actually seized the property or had given written notice to the tenant in possession. The attachment in the present case, with the entry of levy by the officer thereon, was, as to the Atlantic Contracting Company, prima facie regular and valid. The defendant had the right, if it could do so, to show that such was not the case. Having neither alleged nor proved that the property was illegally seized, we think the court erred in dismissing the levy as to it. See, in this connection, *Greer* v. *Fergerson*, 104 *Ga.* 555; *Griffin* v. *Wise*, 115 *Ga.* 610.

It is, of course, necessary that the officer making the levy

should sign the return ; yet it has been held that the omission of such signature is a defect which may be cured by amendment. Wilkins *v.* Tourtellott, 28 Kas. 825 ; Childs *v.* Barrows, 9 Met. (Mass.) 413. It has also been held that where the return clearly shows that certain property was attached, the performance by the officer of certain acts in connection therewith may be shown by parol evidence or by facts appearing elsewhere in the proceeding. 4 Cyc. 615. In the case of Boyd *v.* King, 36 N. J. L. 134, it was held that to render the return of the attachment fatally defective when there has been in substance an execution of the process, it must be made to appear affirmatively that an essential act has been omitted, and that when there is no clear exhibition of such omission it can not be inferred.

In view of what is here held, we deem it unnecessary to pass upon the point raised by counsel for the plaintiffs in error, to the effect that the court erred in refusing to hear evidence upon which to base an amendment of the levy by adding thereto the words, " Georgia, Chatham county."

In the argument in this court it was insisted that in view of the evidence brought up in the record the plaintiff's case was not entitled to any consideration in a court of justice, and that this court should of its own motion order it dismissed. It does not appear, however, that the court below has ever passed upon this question, and we will of course not undertake to pass upon it now for the first time.

From what has been said it is apparent that the judgment as to Greene and the two Gaynors must stand, while as to the Atlantic Contracting Company the case must be heard again.

*Judgment affirmed in part, and in part reversed. All the Justices concur.*