## SHELTON *v.* SHELTON.

Although an entry of a levy on a fi. fa., standing alone, would be insufficient to withstand a motion to dismiss the levy because of the lack of definiteness and certainty in the description in the entry of levy of the property levied upon, the defects in the entry of levy will be aided by the description of the property set forth in a claim affidavit; and where the defects in the description contained in the entry of levy are cured by the aid afforded in a claim affidavit, the levy will be saved from dismissal.

JUNE 25, 1910.

Claim. Before Judge Morris. Gilmer superior court. May 20, 1909.

An execution in favor of Mahala Shelton against Wesley Shelton was levied upon certain real estate to which John W. Shelton filed a claim. Upon the trial, on motion of counsel for the claimant, the levy was dismissed upon the ground that the officer's entry did not sufficiently describe the property levied on; and the plaintiff excepted. That entry was in the following language: "Georgia, Gilmer County. I have this day levied the within fi. fa. on parts of land lots Nos. 51 & 22 in 11th Dist., 2nd Sec. of Gilmer Co. (80 a. of No. 51, more or less, 47 a. No. 22), as the property of Wesley Shelton, to satisfy a fi. fa. issued from the superior court in favor of Mahala Shelton and against Wesley Shelton." The claim affidavit was in the following language: "Georgia, Murray County. Personally appears before the undersigned officer John W. Shelton, who on oath says that 80 acres more or less of the west side or half of lot of land Number 51 in the 11th District and 2nd Section of Gilmer County, Georgia, and 47 acres more or less of the northeast side of the west half of lot of land Number 22 in the 11th District and 2nd Section of Gilmer County, Georgia, the same being all of said west half of said lot of land except 33 acres more or less sold to M. B. Smith and described in a deed to said Smith, levied on by R. A. Pinson, Deputy Sheriff of Gilmer County, Georgia, by virtue of an execution issued from the Superior Court of Gilmer County, Georgia, in favor of Mahala Shelton against Wesley Shelton, as the property of said Wesley Shelton, is not the property of said Wesley Shelton, but is the property of affiant;" etc.

*J. Z. Foster* and *A. H. Burtz*, for plaintiff.

*William Butt*, contra.

BECK, J. While the description of the property levied upon as set forth in the entry of levy made upon the execution was so wanting in definiteness and certainty that a dismissal of the levy would have been proper had that description remained unaided, we are of the opinion that the plaintiff in execution could invoke the description contained in the claim to complete and make certain the defective description. In the case of *Walden* v. *Walden*, 128 *Ga.* 129 (57 S. E. 324), it is said: "The entry of levy was also objected to, when offered in evidence. It was in these words: 'Levied the within fi. fa. on a tract or parcel of land lying in Jefferson county, Georgia, 79th district, G. M., containing one hundred acres, more or less; levied on as the property of Thomas E. Wal-

den, and legal notice given to tenant in possession. This December 7th, 1904.' This levy, standing alone, is plainly insufficient in description. It has two aids to help it: First, it is the levy of a mortgage fi. fa. which could only be lawfully levied on the mortgaged property; and it is possible that some presumption as to the officer doing his duty may arise, the description, as far as it went, corresponding with that in the mortgage. *Connolly* v. *Atlantic Contracting Co.,* 120 *Ga.* 213 [47 S. E. 575]. Second, the real saving aid to this levy, as between the parties litigant, is that the present plaintiffs interposed to such levy claims, in which they stated that the land had been levied on, and described it as in the mortgage, which description we have held above to be sufficient. The principle that, as between the parties, a defective entry of levy will be aided by the allegations or description of a claim affidavit, and that the claimant will be estopped from denying such allegations, has generally been applied to levies on personalty. *Pearce* v. *Renfroe,* 68 *Ga.* 194; *Drawdy* v. *Littlefield,* 75 *Ga.* 215 (5); *Cohen* v. *Broughton,* 54 *Ga.* 296 (1); *Smith* v. *Camp,* 84 *Ga.* 117 (7) [10 S. E. 539]. But it has also been applied to levies on real estate. *Scolly* v. *Butler,* 59 *Ga.* 849; *Hollis* v. *Lamb,* 114 *Ga.* 740, 742 [40 S. E. 751]." And in the case of *Hollis* v. *Lamb,* supra, it was said: "It is entirely immaterial, under the facts of the present case, whether the levy showed that the lands levied on were or were not in Taylor county. The entry of levy was made by 'M. L. Riley, sheriff,' and described the lands as being in the '12th district of said county.' The claim affidavit made by Lamb, and which was a part of the record of the case, shows on its face that it was made in Taylor county, Georgia. It recites that Riley, sheriff of said county, had levied on these lands, which were in the 12th district of said county. Therefore this defect in the levy was cured by the recital in the claim which was filed, and rendered certain the locus of the land, and the county of which Riley was sheriff, even if the levy was not properly amendable."

Giving to the defective entry of levy the aid of the description of the property in the claim affidavit, we think the levy was saved from dismissal, and that the court erred in sustaining the motion to dismiss.

*Judgment reversed.    All the Justices concur.*