APPLING v. CITY OF ABBEVILLE.

The act approved December 3, 1895 (Acts 1895, p. 117), establishing a system of public schools for the City of Abbeville, to be supported and maintained by funds derived from the levy of a municipal tax not to exceed one half of one per cent., and from the town's proportionate share of the State public-school fund, under the administration of a board of education, contemplates that all liabilities legally created by the board of education are payable exclusively from the designated funds. Where the maximum tax in a given year was collected and paid over by the town authorities to the board of education, who had disbursed the same, the municipality was not liable to a school-teacher for the unpaid balance of his salary under a verbal contract made with the board for services rendered during the year.

AUGUST 22, 1911.

Complaint. Before Judge Whipple. Wilcox superior court. October 27, 1910.

Hal Lawson, for plaintiff.    M. B. Cannon, for defendant.

EVANS, P. J. The plaintiff sued the City of Abbeville on an account for services rendered as a school-teacher under a contract with the board of education, who were alleged to have authority to bind the city in making the contract. The defendant denied liability. The case was tried before the judge on an agreed statement of facts, the salient parts of which are as follows: The plaintiff made a verbal contract to teach school during the year 1901, with the board of education, organized under the act of 1895, establishing a system of public schools in the City of Abbeville; he performed the services stipulated in the contract, for which he had

been partially paid, leaving as due the amount sued for; at the time of making the contract the board of education had no funds on hand, and the money for the payment of plaintiff had to be derived from the funds to be paid over to the board of education by the mayor and council of Abbeville from taxes collected for the years 1901 and 1902; for these years the mayor and council had levied and collected a tax of one half of one per cent. for school- purposes, and had paid the same to the board of education, and the funds had been disbursed by the board prior to the filing of the plaintiff's suit, and the board had no funds on hand. The court adjudged that the plaintiff was not entitled to recover, and he excepts.

The act approved December 3, 1895 (Acts 1895, p. 117), provided for the establishment of a system of public schools for the City of Abbeville under the supervision of a board of education, consisting of five citizens elected by the mayor and council. The board of education was authorized to employ teachers and fix their compensation. The mayor and council were empowered to annually levy and collect such tax (not to exceed one half of one per cent.) as would be sufficient, when added to the sums received from the public-school fund of the State, to support and maintain the city schools for at least six scholastic months in each year, and they were directed to pay the fund raised by the tax to the board of education, to be disbursed by the board for the support and maintenance of the schools. The clear import of the act was that the expenses of maintaining the city schools were to be defrayed exclusively from a fund produced by revenue from two sources, viz., that accruing from the town's levy of a special tax, and the town's proportionate part of the State public-school fund. The board of education had no authority to create any debt against the city. Their power to contract carried with it the limitation that the liabilities which they might create were payable only from the funds appropriated to the support of the schools. If the city failed to levy and pay the tax to the board, it could be compelled by mandamus so to do. *Dennington* v. *Roberta*, 130 *Ga.* 494 (61 S. E 20). The city did collect and pay over the full tax authorized to be levied, and it is not liable to a school-teacher who failed to get his money from the board of education.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*