15943.　SOUTHERN SCHOOL SUPPLY COMPANY *v.* CITY OF ABBEVILLE.

Prior to September 1, 1920, the board of education of the City of Abbeville, existing under an act of the General Assembly approved August 1, 1895 (Ga. L. 1895, p. 117), purchased from the plaintiff certain furniture and supplies for use in the schools of the city, to be paid for more than twelve months after the purchase. After the repeal of the act of 1895 (see Ga. L. 1922, p., 452), and after the consolidation of the schools of the City of Abbeville with those of certain districts contiguous thereto, to which consolidated school district the city had sold its school buildings and property, including a part of or all of the articles purchased by the board of education from the plaintiff, suit was brought by the plaintiff against the city, alleging that, because of the facts stated above and others set forth in the petition, the municipality was liable to the plaintiff for the purchase-price of the goods sold, or for the actual benefit received by the city from the plaintiff's goods, or for the actual value thereof at the time the

goods were sold by the city to the consolidated school district, the petition being in different counts declaring respectively upon the several theories of liability stated. *Held:* In no view of the case was a cause of action set forth, and the court did not err in sustaining the general demurrer to the petition.

DECIDED MAY 19, 1925.

Complaint; from Wilcox superior court—Judge Crum. September 13, 1924.

The suit of Southern School Supply Company against the City of Abbeville was dismissed on general demurrer, and the plaintiff excepted. The petition was in three counts, classified by the plaintiff's counsel as follows: "The first count in the declaration is one on the contract signed by the board of education; the second is, admitting the contract to be non-enforceable, for the actual benefit received by the city from plaintiff's goods; and the third is for the actual value received by the city for the goods at the time it sold them to the consolidated school."

The first count alleged:

"1. The defendant herein, City of Abbeville, which prior to 1897 was Town of Abbeville, is a municipal corporation of the said State and county, and W. R. Googe is the mayor.

"2. By act of the General Assembly of the State of Georgia in the year 1895 a system of public schools for the said City of Abbeville was provided, and a board of education consisting of five members to be elected as therein provided was given authority 'to devise, designate, and adopt a system of public schools in said town; to modify and change the same from time to time; to establish such schools as they may deem proper; to prescribe the curriculum, appoint and employ teachers for said schools, and a superintendent for same, to fix their compensation, to provide school houses, by rent or otherwise, to make and hold titles to such property, and to make such by-laws, rules, and regulations for their own government and that of the superintendent, teachers, and pupils as they may deem proper and not in conflict with laws of this State, and to do any and all acts promotive of the best educational interests of said town not in conflict with the provisions of this act or the laws of the State.'

"3. The said board of education was not created a body corporate nor given the right to sue, or to be sued.

"4.  The board of education for the said City of Abbeville for the year 1920 and thereafter until abolished as hereinafter set forth consisted of Charles C. Fulghum, Chairman, G. W. Mixon, Secretary, W. C. Oliver, L. A. Williams, and Mrs. M. P. Jackson, and for year 1920 L. M. Wilson was the superintendent of the schools.

"5.  On July 6, 1920, at the request of the said board of education and for said board, said L. M. Wilson sent to petitioner a written order for furniture and supplies for the city schools of Abbeville, of which a copy is herewith attached, marked Exhibit 'A,' and to which full leave of reference is prayed.

"6.  The articles specified in the said order were shipped to the said board of education at Abbeville, Ga., and were duly received and installed in the schools of said city.

"6a.  Your petitioner further shows that during the same year, to wit: the year 1920, other articles were purchased from petitioner by the board of education of the City of Abbeville for the said city and for use in the schools under the direction, control and management of said board.  The said articles were as follows:  15 study chairs at $15 each, making a total of $225; and these chairs were shipped on August 28, 1920, to said superintendent L. M. Wilson, and duly received; and also one 8″ gong at $7.62, which was also shipped to said superintendent L. M. Wilson on October 4, 1920, and was duly received by the said board of education.

"7.  The articles so specified and described were proper and necessary for the support and maintenance of the school of the City of Abbeville in charge of the said board of education.

"8.  The purchase of said articles, after having been received as aforesaid, was ratified by the said board of education, and approved by them; the order having been given in the first instance at the direction of the said board of education.

"9.  On the 14th day of November, 1920, after the receipt of said articles as aforesaid, by direction of and with the consent of the said board, a note was given as evidence of the amount due, a copy of which is hereto attached marked Exhibit 'B,' to which full leave of reference is prayed; and the said note has never been paid nor any part thereof.

"10.  On or about the —— day of May, 1922, the local school system of said City of Abbeville was consolidated into a con-

solidated school district consisting of the City of Abbeville, as well as the territory immediately adjoining the same, and trustees for the said consolidated school were duly elected.

"11. . The said consolidation was with the consent of, and was participated in, by the said City of Abbeville.

"12. After the formation of the said consolidated school district as aforesaid, and after the election of trustees for said consolidated school district, the trustees of said consolidated school district made to said City of Abbeville an offer to purchase the grounds, buildings, and all fixtures and all equipment of the Abbeville high-school plant, clear of all encumbrances, for and at the sum of $13,000.

"13. The said offer was duly accepted at a meeting of the mayor and council of the said City of Abbeville on June 13, 1922, and W. R. Googe, mayor, and J. F. Harrell, clerk of the city, were empowered and directed to execute and deliver proper conveyance, as is shown by the original minutes of said mayor and city council of date June 13, 1922, a copy of which is hereto attached, marked Exhibit 'C,' to which full leave of reference is prayed.

"14. On the ——— day of June, 1922, a deed was duly executed and delivered in accordance with said acceptance and authority for the said City of Abbeville by the said W. R. Googe, mayor, and J. F. Harrell, clerk, and the property therein described was delivered.

"15. Among the property so sold and delivered was the property which your petitioner had sold as hereinbefore set forth and described, and as shown in Exhibit 'A' hereto attached, and as set forth in the paragraphs of this petition.

"16. At the session of the General Assembly of the State of Georgia for the year 1922 an act was passed repealing in toto the public-school system of the City of Abbeville, thereby abolishing its board of education.

"17. The abolishing of said board of education and the repeal of said act was with the consent of the said City of Abbeville.

"18. By reason of the facts as hereinbefore set forth, the said City of Abbeville became and is indebted to your petitioner in the sum of $829.30, with interest thereon from September 1, 1920, at 6 per cent. per annum."

Exhibit "A" was an order to the plaintiff, dated July 6, 1920,

for certain desks, erasers, crayons, and a map. It contained a statement that the account would be paid "in one-year note bearing 6 per cent. interest given within thirty days after invoice," and was signed, "L. M. Wilson, Supt. & Pur. Agt. City Schools, P. O. Abbeville, Ga." Exhibit "B" was a note payable to the plaintiff for $829.30, dated November 14, 1920, and due September 1, 1921, signed "Board of Education, by Chas. C. Fulghum, Chm. (Seal), G. W. Mixon, Sect., L. M. Wilson, Supt. (Seal)."

The second count was identical with the first with the following allegations added:

"34. At the time of the acceptance of said offer as aforesaid, said City of Abbeville knew that the goods aforesaid had been purchased by its board of education and had not been paid for, and further knew that all of the said described property except the erasers and crayons of the price of $32.50 were a part of the property sold by it to said trustees of said consolidated school.

"35. Among the property so sold and delivered was the property which your petitioner had sold as hereinbefore set forth and described in Exhibit 'A' hereto attached, and as set forth in the paragraphs of this petition, except the erasers and crayons as aforesaid.

"38. Your petitioner shows that the certain erasers and crayons described in Exhibit 'A' hereto attached were used in the work of the schools of said City of Abbeville, were necessary and proper for the use of the said schools, were consumed in the use, were of the value of $32.50, and the said City of Abbeville by their use were benefited in the sum of $32.50; and the other articles described in said exhibit, and those described in paragraph 25 of this petition, were necessary and proper for the use of the said schools, were not consumed in the use, were of the value as shown in said exhibit, and said paragraph, of $786.80, and the said City of Abbeville by the use were benefited in the said sum of $786.80."

The third count was identical with the first except that the indebtedness was alleged to be only $786.80, with interest, and with the further exception that the third count contained the following allegations in addition to those set forth in the first count:

"55. At the time of the acceptance of said offer as aforesaid

said City of Abbeville knew that the goods aforesaid had been purchased by its board of education and had not been paid for, and that all of said described property except the erasers and crayons (said erasers and crayons of the price of $32.50) were a part of the property sold by said city to said trustees of said consolidated school.

"59.   Petitioner shows that the said described property, other than the erasers and crayons, at the date of the sale by the said City of Abbeville to the trustees of said consolidated school district as aforesaid was worth the sum of $786.80, and entered into and was a part of the consideration of $13,000 received by said City of Abbeville, and that from the sale as aforesaid of said property the said City of Abbeville received the said sum of $786.80.

"60.   Petitioner shows that neither said City of Abbeville nor any one else has paid to petitioner any sum whatever for the said property."

The following averments were added to each count by amendment:

"By act of the General Assembly of the State of Georgia for the year 1919 the mayor and council of the City of Abbeville were authorized and empowered to levy and collect for its public schools a tax of not to exceed 1 per cent. on all taxable property in said city.

"At the time of the passage of said act the said City of Abbeville was authorized and empowered under its charter to collect a tax for all other purposes (besides schools) of 1 per cent. on all taxable property in said city, and no more.

"For the year 1921 therefore said City of Abbeville assessed for taxes on all property in said city 2 per cent., the same being a tax of 1 per cent. for public schools, and 1 per cent for all other purposes.

"For the year 1922 the mayor and city council of the City of Abbeville, on October 10, 1922, made their tax assessment as follows: 'Upon motion the tax levy be set at 1-½ per cent.' (See minutes, page 360.)

"This levy included 1 per cent. for all other purposes and ½ per cent. for schools, the schools being operated under the regular city school board for the spring term.

"But while the taxes were collected as aforesaid, no part of

the said taxes were turned over to the city school board, but were paid out directly by the City of Abbeville through its other officers for various purposes unknown to petitioner; and petitioner charges that all of said school taxes were not paid out for school purposes.

"For the year 1923 the mayor and city council of the City of Abbeville, on June 26, 1923, made their tax levy as follows: 'Motion and carried that the tax levy for 1923 be 1-½ per cent.' (See minutes, page 384.)

"This levy was intended, as the preceding levy was, 1 per cent. on the taxable property for other purposes, and ½ per cent. for schools.

"Yet there was no city school board at that time, and the school tax was paid out by the mayor and city council through the proper city officer, and as your petitioner is informed, and so charges, it was paid out on claims other than for the debts of the schools aforesaid."

*Hal Lawson,* for plaintiff.

*M. B. Cannon,* for defendant.

BELL, J. (After stating the foregoing facts.)

Under the act of the General Assembly approved August 1, 1895 (Ga. L. 1895, p. 117), creating a local system of schools for the City of Abbeville (then a town), a board of education to be selected by the mayor and council was vested with the exclusive control of the general fiscal affairs of the school system thereby established; and where the mayor and council levied, collected, and paid over to the board in a given year or years the maximum tax allowed by the act, liabilities, though legally incurred by the board of education, were chargeable only against these funds in the hands of the board and certain other funds paid over to the board from the State taxes. *Appling* v. *City of Abbeville,* 136 *Ga.* 772 (72 S. E. 31).

In the absence of allegations to the contrary, this court may assume, when considering the petition on demurrer, that during the years 1920 and 1921 the mayor and council collected and paid over the maximum tax alleged to have been levied for school purposes, it being presumed that these public officers have done their duty and complied with the law. *Connolly* v. *Atlantic Contracting Co.,* 120 *Ga.* 213 (2) (47 S. E. 575); *Loudermilk* v. *Stephens,* 126 *Ga.* 782 (1) (55 S. E. 956); *Ponder* v. *Shumans,* 80 *Ga.* 505 (3) (5 S. E. 502); *Scott* v. *McDaniel,* 64 *Ga.* 780 (3).

If, considering the petition on general demurrer, it could be assumed that, in the levy of taxes during the year in which the liability was incurred, provision was made for a sufficient sum to pay it, the mere fact that the board of education failed to discharge the same out of the funds levied and paid over for the purpose would not create a general liability against the city. Under the ruling in *Appling* v. *City of Abbeville,* supra, the plaintiff's claim was payable only out of funds in the hands of the board. If it was a lawful claim, its payment could have been enforced by mandamus. See *Smith* v. *Board of Education of Washington County,* 153 *Ga.* 758 (113 S. E. 147). The plaintiff, however, accepted a note due the following year, and after its maturity appears to have done nothing to exact payment out of the particular funds against which its claim was a charge. The fact that almost two years after the board incurred the liability the special school system was abolished would not cause its claim to then attach to other funds of the city levied and collected in its general municipal capacity. The board of education was initiated for a certain purpose and to administer a particular fund. When this board and the local system of schools were abolished, if there was a legal successor to the board, it was not the municipality but the trustees of the consolidated school district into which the Abbeville schools were merged. See *Atlantic & Birmingham Ry. Co.* v. *Johnson,* 127 *Ga.* 392 (2) (56 S. E. 482, 11 L. R. A. (N. S.) 1119); *Walker* v. *City of Rome,* 6 *Ga. App.* 59 (64 S. E. 310).

The further fact that for a consideration of $13,000 the city sold to the consolidated school district its school buildings and property, including a part or all of the articles purchased from the plaintiff, would not render the city liable. It appears that the supplies were sold to the board on account, and that later a note was given therefor, which was long past due when the consolidation of the schools and the sale of the property took place. If prior to the sale the city was not liable, there seems to be no law which would make the city answerable merely by reason of the sale. The chose in action against the board only would not be thereby converted into an actionable claim against the city. The plaintiff retained no legal or equitable title to the property purchased from it. While the note representing the indebtedness re-

cites that "title to the said furniture and supplies shall remain in the [plaintiff] as security," until payment of the note, the allegations of the petition, together with the original order attached thereto, clearly show that the purchase was upon open account. The board would not have had authority to place an incumbrance upon articles which it had unconditionally purchased on account several months previously, and which it had installed as necessary to the operation of the schools. *Neal-Millard Co.* v. *Trustees of Chatham Academy,* 121 *Ga.* 208 (48 S. E. 978); *Walden* v. *Town of Whigham,* 120 *Ga.* 646 (2) (48 S. E. 159); Civil Code (1910), § 899. Furthermore, the plaintiff nowhere in its pleadings seeks to rely on this provision of the note, and apparently recognizes that it has no efficacy as an enforceable agreement for the retention of title. The action was therefore not maintainable on the theory that the city had benefited by a sale of property to which the plaintiff held title.

In May, 1922, the schools of the City of Abbeville were consolidated with those of districts contiguous thereto, and by an act of the General Assembly approved August 1, 1922 (Ga. L. 1922, p. 452), the act of 1895 establishing a local system of schools for the City of Abbeville was repealed in toto. In the amendment to the petition it is alleged that thereafter, to wit, on October 10, 1922, the mayor and council made a tax levy for school purposes of one half of one per cent., this being but half of the rate allowed to be annually levied and collected by the City of Abbeville for schools, "the schools [of the city] being operated under the regular city school board for the spring term." It is alleged that the city collected this tax and administered the fund through the mayor and council, and that "all of said school taxes were not paid out for school purposes," implying that a part of the fund was diverted to other and improper purposes. Similar allegations were made with reference to a school tax levied in 1923. There being no liability at the time of the levies, none resulted by reason of the levies and the improper use of the funds derived therefrom, especially where it does not appear that the city expressly levied a tax for the purpose of paying the plaintiff's claim, and that after the collection thereof the fund was still held by the city for that purpose. It is unnecessary to decide whether the mayor and council had authority to levy a tax for school purposes after the act creating the local system of schools had been repealed.

The action was not maintainable against the municipality for the value of the supplies purchased by the board. In no view of the case was a cause of action set forth, and the court did not err in sustaining a general demurrer to the petition as amended.

The principle laid down in the third headnote and third division of the opinion in *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. Rep. 244), has no application to a case like the present.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*