## 30744.   JONES v. TALMADGE, Governor.

PARKER, J.   1. Where a bond to keep the peace is executed in the terms prescribed by law, in order to sustain an action for the breach thereof, it is not necessary for the plaintiff to show that all of the steps prescribed by law for obtaining such a bond were in fact taken, there being a presumption that the bond was executed as the result of adherence to the statutory provisions.   See *Southern School Supply Co.* v. *Abbeville,* 34 *Ga. App.* 93, 99 (128 S. E. 231); *Georgia Power Co.* v. *Fincher,* 46 *Ga. App.* 524 (168 S. E. 109); *Price* v. *Cobb,* 63 *Ga. App.* 694, 700 (11 S. E. 2d, 822), and cases cited, as to the presumption that officers have done their duty.

2. The plaintiff's cause of action on a "peace bond" is predicated upon the breach of the bond's condition, and if the bond be in force and effect at the time of the breach, an action will lie until barred by the statute of limitations, even though no extension of the bond is made by the superior court pursuant to the Code, § 76-204, after the breach of the bond and before the action is instituted.   See *Levar* v. *State,* 103 *Ga.* 42 (29 S. E. 467), for a general discussion of "peace-bond" proceedings.

3. The evidence was sufficient to sustain a finding that the defendants executed the bond sued on, and to establish a copy of the bond, shown to have been lost or mislaid, and to prove the alleged breach of the bond while it was in force.

4. In view of our ruling in division 1 of this opinion, there was no error in the court's charging the jury the substantial language of the Code, § 76-201, dealing with bonds for keeping the peace, and adding that the hearing before the magistrate might be waived.

5. Accordingly, the court did not err in overruling the defendant surety's demurrer and her motion for new trial.

*Judgment affirmed.   Sutton, P. J., and Felton, J., concur.*

DECIDED JANUARY 25, 1945.

*Lester F. Watson,* for plaintiff in error.
*W. A. Dampier,* contra.