CLEIN *et al. v.* KAPLAN.

No. 15611.  OCTOBER 10, 1946.

*Powell, Goldstein, Frazer & Murphy, C. Baxter Jones Jr.,* and *Schroeder & Walker,* for plaintiffs.

*J. G. Roberts,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ A declaratory judgment or decree is one which simply declares the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done; its distinctive characteristic being that the declaration stands by itself, and no executory process follows as of course; and the action is therefore distinguished from other actions in that it does not seek execution or performance from the defendant or opposing party. Black's Law Dictionary; 1 C. J. S., "Actions," 1018, § 18. And in 16 Am. Jur. 276, § 3, a distinction is made between a declaratory judgment and an ordinary judgment as follows: "The distinctive characteristic of a declaratory judgment is that the declaration stands by itself; that is, no executory process follows as of course. In other words, such a judgment does not involve executory or coercive relief. Ordinary judgments are primarily intended in most cases to remedy or make compensation for injuries already suffered, and for that reason must, in addition to determining the rights involved, grant consequential or curative relief in some form. In fact, the view has been expressed that provision for some form of execution is an essential part of a judgment, although it is now generally recognized that the function of the judgment is limited to adjudicating the existence or non-existence of the right or liability in question, and that the right to issue process for its enforcement, while ordinarily a consequence of the judgment, is not an integral part or an indispensable adjunct thereof." The nature of an action for declaratory relief is "neither legal nor equitable, but sui generis." Great Northern Life Ins. Co. *v.* Vince, 118 Fed. 2d, 232.

The declaratory judgment was unknown to the common law, either at law or in equity. The first general statute on declaratory judgments was enacted in England in 1852. (15 & 16 Vict. Chap. 86.) The pertinent provision of that statute was: "No suit  .  .

shall be open to objection on the ground that a merely declaratory decree or order is sought thereby, and it shall be lawful for the court to make binding declarations of rights without granting consequential relief." In 1922 the National Conference of Commissioners on Uniform State Laws approved the Uniform Declaratory Judgment Act which has now been enacted in twenty-four States. Six other States have adopted the uniform act with certain changes in form. Thirteen States, including Georgia, have adopted somewhat different declaratory judgment acts. The Declaratory Judgment Act in this State was passed in 1945 (Ga. L. 1945, p. 137). While the twenty-one different declaratory judgment statutes which we have in this country differ somewhat in form, yet in intent and purpose they agree. They are all designed to relieve against uncertainty and insecurity; to declare rights but not to execute remedies. As was well said by Professor Borchard (Declaratory Judgments, 107-109) : "The two principal criteria guiding the policy of rendering declaratory judgments are: (1) When the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." This court in *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d, 915), said: "As we understand the beneficent purposes and intent of the act, it was not intended in some ambiguous way to blot out 'at one fell swoop' innumerable rights and privileges bestowed by the Code and by the fundamental principles of law, but was intended by the very meaning and concept of the word to give additional protection to persons who may become involved in an actual justiciable controversy, in that they differ between themselves as to what their rights are, and who wish to find them out before taking some dangerous step which might or might not be authorized." In Ætna Casualty & Surety Company *v.* Quarles, 92 Fed. 2d, 321, 325, the court said: "The statute providing for declaratory judgments meets a real need and should be liberally construed to accomplish the purpose intended, i. e., to afford a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of the old procedure, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights." Section 13, which is the last section of our act, provides: "The purpose of

this act is to settle and afford relief from uncertainty and inse-curity with respect to rights, status, and other legal relations and is to be liberally construed and administered." The first three sections of our act, which provide for declaratory relief, are almost verbatim with the first three sections of the Federal act, which provide likewise for declaratory relief, except that section I (b) of our act, which does not appear in the Federal act, provides: "In addition to the cases specified in paragraph (a) of this section, the respective superior courts of the State of Georgia shall have power upon petition, or other appropriate pleading, to declare rights and other legal relation of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, in any civil case in which it appears to the court that the ends of justice require that such declaration should be made, and such dec-laration shall have the force and effect of a final judgment or de-cree and be reviewable as such."

The plaintiffs in error here, among other things, ask the court to construe their lease contract and by declaration say whether it conveyed to them an estate for years, and if so grant them relief in ejectment, or only a usufruct and in that event grant them relief by specific performance. In Corcoran v. Royal Development Com-pany, 121 Fed. 2d, 957, the court said: "The parties and the judge speak of this as an action for a 'declaratory judgment' under Sec-tion 400 of Title 28, U. S. C. A., and it is true that Section 400 (1) includes cases where some immediate relief is asked in addi-tion to a 'declaration' of rights. The purpose of this is apparent; there may be situations in which a plaintiff needs immediate relief, but also needs an adjudication of rights other than those on which the immediate relief is dependent. In such situations the action has two aspects: In part it is an ordinary action; in part it is an action for a 'declaratory judgment.' But it is absurd to speak of a judgment as 'declaratory' in so far as it 'declares' no more than is necessary to sustain the immediate relief prayed, for in that sense every action is for a 'declaratory' judgment. A court can not grant any relief whatever except as it finds, and by finding 'declares' that the plaintiff has those rights on which the remedy must be based. In the case at bar the complaint asks the declaration of no rights that would not have to be adjudicated before there could be a dis-tribution of the defendant's assets; and stripped of its verbiage, the

complaint is nothing more than a simple creditors' action, asking the distribution of a corporation's assets in equity." Applying this rule, which we think is sound, to the allegations of the petition in the instant case, when stripped of its verbiage, we have an action in ejectment and a suit for specific performance contained in a one-count petition for declaratory relief. Is such procedure authorized under our Declaratory Judgment Act? We are not inclined to think. so. Following the rule in Corcoran *v.* Royal Development Company, supra, it can not be done under section I[a] of the act, and it is inconceivable to think that the legislature by section I[b] of the act intended to blot out "at one fell swoop" existing rules of pleading and procedure which it and the courts for more than a century have tried to clarify and make certain. Looking at the act as a whole, considering its beneficent purpose, and construing it as we do, such a proceeding as here is not authorized under the act. Therefore it follows from what has been said that the petition did not state a proper cause for declaratory relief, and for that reason it was not error to sustain the general demurrer and dismiss the case.

■ Since we have held in the preceding division that the petition did not state a proper cause for declaratory relief, the other questions raised by the demurrer will not now be decided.

*Judgment affirmed. All the Justices concur.*