MENSINGER *et al.* v. STANDARD ACCIDENT INSURANCE COMPANY.

DUCKWORTH, Presiding Justice. 1. The purpose of the Declaratory Judgment Act of 1945 (Ga. L. 1945, p. 137), as declared in section 13 thereof, is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally

construed and administered. *Clein* v. *Kaplan*, 201 *Ga.* 396 (40 S. E. 2d, 133).

2. The allegations of the petition showed an actual controversy between the petitioner, the insurance company, and the defendants, and presented a case for a declaratory judgment as to the rights of the parties, and, accordingly, the court did not err in overruling the ground of general demurrer that no cause of action was set forth.

3. The petition was not subject to the ground of demurrer that it showed that the petitioner had an adequate and complete remedy at law.

4. The petition was not subject to the special demurrer on the ground of misjoinder of parties defendant, since it was alleged that all of the defendants contend that the liability-insurance policy issued by the petitioner to one of the defendants. against whom tort actions had been brought by the other defendants, was valid · and obligated the insurance company to defend, on behalf of the policyholder, such suits and pay any judgment that might be rendered therein, the insurance company contending to the contrary.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents because he does not think that this is a proper case for the application of the Declaratory Judgment Act.*

No. 15738. APRIL 17, 1947. REHEARING DENIED MAY 16, 1947.

W. *George Thomas* and *Mose S. Hayes,* for plaintiffs in error.
*James A. Branch, Thomas B. Branch Jr., A. Walton Nall,* and *Ward Matthews,* contra.