MAYOR etc. OF ATHENS *v.* GERDINE *et al.*

JENKINS, Chief Justice. 1. While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest. *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d, 915); *Clein* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d, 133); 1 C. J. S. 1027, § 18; 16 Am. Jur., 280, 286, §§ 7 and 13.

2. Applying the foregoing principle to the petition in the instant case, seeking a declaratory judgment, the demurrer, challenging the propriety of a declaratory judgment, should have been sustained. The petition showed that the Mayor and Council of Athens, after adopting an ordinance providing for the resurfacing of a certain street adjacent to the property of the plaintiff, had actually performed the work of resurfacing, and had assessed his property for his proportionate part of the cost of the work. The plaintiff alleges that the defendants had no right to assess his property and that, therefore, the assessment was void for a number of reasons assigned; and prayed that the assessment be declared invalid, and that the defendants be restrained from issuing and levying an execution under the assessment. The petition in no wise indicates that he is without an adequate remedy in law or equity, nor does it show the existence of any facts or circumstances such as would render an adjudication of his rights necessary in order to relieve him from the risk of taking any future undirected action incident to his rights, which action without direction would jeopardize his interest. *Judgment reversed. All the Justices concur.*

No. 15736. APRIL 19, 1947. REHEARING DENIED MAY 13, 1947.

*Dorsey Davis,* for plaintiff in error.
*John L. Green* and *James Barrow,* contra.