GEORGIA MARBLE COMPANY *v.* TUCKER.

HEAD, Justice. 1. A petition, alleging merely that a named defendant "claims" or "contends" that it is the owner of an interest in realty owned by the petitioner, falls short of stating a justiciable dispute as contemplated by section 1 of the Declaratory Judgments Act (Ga. L. 1945, p. 137).

2. Under the rule stated by this court in *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d, 567), the Declaratory Judgments Act does not take the place of existing remedies. "It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest." *Mayor &c. of Athens* v. *Gerdine,* supra.     *Judgment reversed. All the Justices concur.*

No. 15763.   MAY 14, 1947.   REHEARING DENIED JUNE 13, 1947.

*Crenshaw, Hansell, Ware & Brandon* and *B. Frank Whelchel,* for plaintiff in error.

*Wheeler, Robinson & Thurmond,* contra.