32243.   FINDLEY *et al. v.* CITY OF VIDALIA *et al.*

DECIDED JANUARY 8, 1949.   REHEARING DENIED FEBRUARY 11, 1949.

*T. Ross Sharpe, Martin, Martin & Snow,* for plaintiffs.
*Darby & Lewis, Jackson & Graham,* for defendants.

PARKER, J. ■ The motion to dismiss the writ of error on the ground that the case is moot because the contract has now been fully performed is denied.

■ The court did not err in sustaining the general demurrers and in dismissing the petition. "Where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstance which necessitates a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest." *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d, 567). See also *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d, 915), *Clem* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d, 133), and *Georgia Marble Co.*

v. *Tucker*, 202 *Ga*. 390 (43 S. E. 2d, 245). Although our Declaratory Judgments Act says it is to be liberally construed and administered, "it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies." *Mayor &c. of Athens* v. *Gerdine*, supra. If the contract here under attack was illegal or invalid as contended by the plaintiffs, they had a remedy either in law or equity, and no facts or circumstances are alleged showing the necessity for the application of the declaratory judgments statute.

■ The contention is made that the contract was void because it was not properly authorized by the mayor and council, and was authorized by a void resolution which was not passed with the same formality as an ordinance, resolution or motion, authorizing the payment of the obligation. The contract was made in pursuance of a former action of the city properly taken under the Revenue Certificate Law of 1937 (Code, Ann. Supp., Ch. 87-8), for the construction of the extensions and improvements to its waterworks system, and the former action of the city is not now under attack. The validation of the revenue certificates made the former action of the city conclusive upon it and its citizens and taxpayers. "When the Revenue Certificate Law of 1937 and the Constitution of 1945 were adopted, the provisions of each as to revenue certificates became a part of the charter of every municipality of the State." *Reed* v. *Smyrna*, 201 *Ga*. 228 (39 S. E. 2d, 668). "The acquisition, construction, reconstruction, improvement, betterment, or extension of any undertaking . . may be authorized under this Chapter by resolution or resolutions of the governing body which may be adopted at a regular or special meeting by a majority of the members of the governing body. Unless otherwise provided therein, such resolution or resolutions shall take effect immediately and need not be laid over or published or posted. . . " Code (Ann. Supp.), § 87-804. Another section of the Revenue Certificate Law provides that: "In addition to the powers which it may now have, any municipality shall have power under this Chapter: . . (e) To make all contracts; execute other instruments; and do all things necessary or convenient in the exercise of the powers herein granted. . . " Code (Ann. Supp.), § 87-803. It has been

held that the determination of a municipality to pave its streets was legislative in character, and involved official discretion, and the city council could not delegate this power and this discretion to two of its members or to the county; "but when the city council had decided to pave these streets, then they could delegate the making and the execution of any necessary agreement for this paving to a committee composed of councilmen. The making of the contract for the paving was a ministerial act which a committee of council could be empowered to perform." *Mayor &c. of Washington* v. *Faver,* 155 *Ga.* 680, 686, (117 S. E. 653). See also *Fuller* v. *Atlanta,* 66 *Ga.* 80, and *City Council of Augusta* v. *Owens,* 111 *Ga.* 464, 477, 478 (36 S. E. 830).

We think that the making of the contract between the city and the construction company, for the doing of the work proposed and contemplated in the extension and improvement of the city's waterworks system, under the Revenue Certificate Law, in pursuance of a motion duly made and unanimously adopted in a regular meeting of the city council, was an approval of the contract by appropriate corporate action. The mayor of the City of Vidalia is authorized to sign all contracts made for or by the city "which shall have been ordered or approved by the mayor and council duly assembled in their corporate capacity," under section 15 of its charter, and no ordinance being necessary the charter provisions respecting the passage of ordinances are not applicable.

The final attack on the contract is that it is void because McCrary Company is both an agent and a contractor thereunder, and that it is contrary to public policy. The contract must be construed in its entirety. When it is so construed we do not think it is against public policy for the reason claimed. McCrary Company was employed by the city to manage the construction, and to purchase material and equipment on bids and quotations submitted to various dealers and manufacturers, to the best interests of the city, and to employ labor, all of which was to be done "in accordance with the plans, specifications and estimates" approved and adopted by the city in detail; and was to direct and supervise the construction "according to the plans, specifications and estimates in a first class workmanship manner." The contract provided that the construction company would furnish

certain trucks on a rental basis, also certain machinery for the making of excavations at a stipulated price per cubic yard, and for all dirt backfilled by the machines at a specified price; and would keep records of cost of all work done and make monthly reports to the city showing the costs of the job to date, and guaranteed that the total cost, including their fee, would not exceed the contract price. The contract also provided that all work done thereunder was subject to the inspection and approval of the city's representative. The fact that the contractor received a fee of 15% of the guaranteed estimate of the costs of the construction, with specified sums for the use of necessary machinery furnished by it, does not make the contract void as against public policy. The agency in the contractor with respect to the purchasing of materials and the employment of labor and supervisory personnel was limited by the terms of the contract in such manner as to bind the contractor to the plans, specifications, estimates and costs set forth therein. Even if some provisions of the contract standing alone may seem to subject it to the attack that the contractor was his own employer, we do not think the contract as a whole is properly capable of such construction.

Many authorities are cited by the plaintiffs in line with the holding in *Mayor &c. of Macon* v. *Huff*, 60 *Ga.* 221, to the effect that no official or agent, whose duties it is to supervise a contract in behalf of his employers or principal, can himself undertake to do the thing which his office or agency makes it his duty to supervise. Neither of the cases cited for the plaintiffs fits the facts of this case. The general principles invoked and applied in them are not applicable here when the contract is considered as a whole.

"A public officer is presumed to have done his duty, and, in the performance of any judicial act, to have followed the requirements of law." *Georgia Power Co.* v. *Fincher*, 46 *Ga. App.* 524 (168 S. E. 109). This principle is recognized in the case of municipal officials in *Southern School Supply Co.* v. *Abbeville*, 34 *Ga. App.* 93, 99 (128 S. E. 231). "Courts will not assume that public officers will act dishonestly or dishonorably, or use their public trust for private ends, and in the absence of proof to the contrary, officers will be presumed to have acted in the exercise of their powers in the interest of the public and within

the authority granted them." McQuillian, Municipal Corporations (2d. ed.), Vol. 2, § 519. "The power of the courts to declare a contract void for being in contravention of a sound public policy is a very delicate and undefined power, and, like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt." *Equitable Loan & Security Co.* v. *Waring*, 117 *Ga.* 599 (44 S. E. 320, 62 L. R. A. 93, 97 Am. St. R. 177). "The delicate and undefined power of courts to declare a contract void as contravening public policy should be exercised with great caution, and only in cases free from substantial doubt." *Foster* v. *Allen*, 201 *Ga.* 348 (40 S. E. 2d, 57). We do not think it can be said that the contract here involved clearly shows a dual interest of the contractor so as to make it contrary to a sound public policy and authorize the courts to set it aside.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*