TAYLOR *v.* TAYLOR *et al.*

No. 16609. MAY 12, 1949. REHEARING DENIED JUNE 16, 1949.

*Rache Bell* and *Henry M. Henderson*, for plaintiff.

*J. Ralph McClelland Jr.*, and *George & John L. Westmoreland*, for defendants.

WYATT, Justice. Counsel for the plaintiff in error state in their brief: "The plaintiff in error contends that under the terms of the said will he was devised a fee estate in certain lands subject to a condition that he account to the named defendant during her life or widowhood for the rents and profits from the land. The defendants in error contend that the named defendant in error was devised a life estate. The ordinary of the county having followed the contentions of the defendants, and not being constituted by law with jurisdiction to construe the will, the plaintiff in error after failing to recover dominion over his claimed land and the proceeds of some timber cut from the land and sold, in the court of ordinary, filed the petition herein. . . The plaintiff in error is proceeding under the provisions of the last clause of § 37-403 of the Code of Georgia."

The Code, § 37-403, provides: "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests."

In this case the petition is not maintainable, under the first provision of the cited Code section, as one merely for the construction of a will, for, under the provisions of that section, only

the representative of the estate may seek the direction of a court. Nor is it maintainable as an action seeking the recovery of property devised by a will, in which a construction of the will is sought as a basis for such recovery, for it is not alleged that the executor has assented to the devise or wrongfully refuses to assent. *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227); *Palmer* v. *Neely,* 162 *Ga.* 767 (135 S. E. 90).

It is not contended that the present petition is maintainable as one for a declaratory judgment, under the provisions of the Declaratory Judgments Act (Ga. L. 1945, p. 137), giving to legatees the right to a declaration of rights with respect to the construction of wills; nor does the petition purport to seek such relief. If it did, it would be inadequate because all acts complained of have accrued, and the petition in nowise indicates that the plaintiff is without an adequate remedy in law or equity, nor does it show the existence of any facts or circumstances such as would render an adjudication necessary in order to relieve the plaintiff from the risk of taking any future undirected action incident to his rights, which action without direction would jeopardize his interest. *Mayor &c., of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d, 567); *Georgia Marble Co.* v. *Tucker,* 202 *Ga.* 390 (43 S. E. 2d, 245).

While it is true, as urged by counsel for the plaintiff in error, that the court of ordinary and a court of equity have concurrent jurisdiction over the settlement of accounts of executors and administrators (Code, § 113-2203), it is the general rule that the court first taking jurisdiction will retain it. *Darby* v. *Green,* 174 *Ga.* 146 (162 S. E. 493). Nevertheless, as urged by counsel for the plaintiff in error, a court of equity may assume jurisdiction, notwithstanding the court of ordinary had taken jurisdiction to require an accounting, where it is made to appear that there is danger of loss or other injury. *McCord* v. *Walton,* 192 *Ga.* 279 (14 S. E. 2d, 723).

In the instant case, it is alleged that the plaintiff is without an adequate remedy at law, and that, unless a court of equity assumes jurisdiction, the plaintiff will suffer irreparable injury. Without allegations of fact in support thereof, these allegations amount to conclusions of the pleader. The petition does not allege fraud, mismanagement, waste, or insolvency. So far as we

can find, the sole allegation of fact, in connection with these averments as to the necessity of the interference of equity, is the allegation that the executor is serving without bond.

"A court of equity will not, as a general rule, require an executor to give bond for the faithful management of the estate, or, upon refusal to do so, grant an injunction against the executor to prevent him from administering the estate, in the absence of an unequivocal allegation that the executor is insolvent; and this is so though there may be general allegations of mismanagement." *Gould* v. *Glass*, 120 *Ga.* 50 (6) (47 S. E. 505) ; *Bowen* v. *Bowen*, 200 *Ga.* 572 (4) (37 S. E. 2d, 797). The court of ordinary has full jurisdiction in the administration of estates, and to require obedience to its mandates; and the court of ordinary may require a bond of an executor covering the interest of heirs from waste or mismanagement. *Darby* v. *Green*, supra. The Code, § 113-1216, specifically provides: "The ordinary, on his own motion, or upon the representation of any person in interest, that an executor is mismanaging the estate, or is about to remove it without the State, may require such executor to show cause why he should not give bond and security for the faithful execution of his trust; and on his failure to give bond when and as required, the ordinary may revoke his letters and appoint another representative for the estate." Accordingly, the fact that the executor is serving without bond is insufficient to show a danger of loss or injury in the absence of interference by a court of equity. This case differs materially on its facts from *Jones* v. *Proctor*, 195 *Ga.* 607 (24 S. E. 2d, 779), where there was an allegation of insolvency against the executor, and the court held that the petition set forth a cause of action, although the plaintiff's right to relief hung "by a slender thread," and *McCord* v. *Walton*, supra, where there were allegations against the executor of waste, mismanagement, commingling of funds, incompetency, and insolvency.

A different result is not required in this case because of the allegations to the effect that the other defendant "is without funds or tangible property sufficient to respond to a judgment against her for said funds being withheld from petitioner," for, if the question of the solvency of this defendant be material, this allega-

tion is clearly insufficient as a distinct and unequivocal averment of insolvency.

The petition set forth no cause of action against the defendants, and the trial judge did not err in sustaining the general demurrer.     *Judgment affirmed. All the Justices concur.*