18999. SUMNER, administratrix, *et al. v.* DAVIS *et al.*

MOBLEY, Justice. 1. "While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest. *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d 915); *Clein* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d 133); 1 C. J. S. 1027, § 18; 16 Am. Jur. 280, 286, §§ 7 and 13." *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d 567). See also *Georgia Marble Co.* v. *Tucker,* 202 *Ga.* 390 (43 S. E. 2d 245).

2. Applying the foregoing principle to the petition in the instant case, the demurrer challenging the propriety of a declaratory judgment should have been sustained. The petition brought by the heirs of Mrs. Tempie R. Short, nee McLeod, who, before her marriage was Tempie R. Sumner, against Mrs. Gordon S. Sumner, individually and as administratrix of the estate of her deceased husband, alleges: that in 1893 Joseph L. Sumner deeded the land in question to Tempie R. Sumner, which deed read in part, "has, granted and given, and does by these presents grant, give alien, demise, release, discharge, convey and confirm unto the party of the second part the northwest one-fourth (¼) lot of land No. 494, in the 7th District of Worth County, and State of Georgia, containing 122½ acres, more or less. To have and to hold the above granted premises with all and singular tenements reversions remainder, remain-

ders rents and profits thereunto appertaining or anywise belonging as well in law as in equity and the said property of the second part of in and to the same and to every part and parcel thereof to have and to hold to her the said Tempie R. Sumner during her natural life and then to the heirs of her body provided however that if the said Tempie R. Sumner shall depart this life without having issue of body the same premises shall revert back to and become a part of the estate of the said J. L. Sumner the said party of the first forever in fee simple"; that she went in possession of said land, and in 1924 gave a deed to secure debt on said property to Penn Mutual Life Insurance Company, which foreclosed and bought it in in 1932, and in 1935 they conveyed it by warranty deed to Gordon S. Sumner, and in 1954 Tempie R. Sumner died, and upon her death title to said property vested in the petitioners as remaindermen; that the defendant is in possession of said property, refuses to relinquish it; and that the petitioners are entitled to a declaration of their rights in said property, and pray for process and a judgment declaring their rights to be remaindermen in fee simple of said property. By amendment it is alleged: "Petitioners allege that the ends of justice require that such declaration of their rights, with respect to being remaindermen, under the deed of Joseph L. Sumner to Tempie R. Sumner, be made for the guidance and protection of petitioners, which declaration will relieve your petitioners from uncertainty and unsecurity with respect to their rights, status and legal relations."

The petition does not allege that the petitioners are without an adequate remedy at law or in equity, but on the contrary it is clear that they have an adequate remedy at law. Whatever rights they have are accrued already, and no facts or circumstances are alleged that show that an adjudication of their rights is necessary in order to relieve them from the risk of taking any future undirected action incident to their rights, which action without direction would jeopardize their interest. *Mayor &c. of Athens* v. *Gerdine,* and *Georgia Marble Co.* v. *Tucker,* supra, unanimous decisions of this court, are controlling in this case. *Aldridge* v. *Federal Land Bank of Columbia,* 203 *Ga.* 285 (46 S. E. 2d 578); *Cohen* v. *Reisman,* 203 *Ga.* 684 (48 S. E. 2d 113); *Gibbs* v. *Forrester,* 204 *Ga.* 545 (50 S. E. 2d 318); *Brown* v. *Lawrence,* 204 *Ga.* 788 (51 S. E. 2d 651); *Taylor* v. *Taylor,* 205 *Ga.* 483 (53 S. E. 2d 769); *Publix-Lucas Theaters* v. *City of Brunswick,* 206 *Ga.* 206 (56 S. E. 2d 254); *Shaw* v. *Crawford,* 207 *Ga.* 67 (60 S. E. 2d 143); *Calvary Independent Baptist Church* v. *City of Rome,* 208 *Ga.* 312 (66 S. E. 2d 726), all decided subsequently, are consistent with them and with the ruling here made.

The error in overruling the defendant's demurrer to the petition for a declaratory judgment rendered further proceedings nugatory.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 14, 1955—DECIDED JULY 11, 1955.

*Durden & Durden,* for plaintiffs in error.
*Briggs Carson, Jr., Roland M. Arthur,* contra.