### 35948. PEOPLES v. BASS.

NICHOLS, J. 1. This case was transferred to this court by the Supreme Court. For a statement of the case see *Peoples* v. *Bass,* 211 *Ga.* 802 (89 S. E. 2d 171).

2. " 'While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest. *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d 915); *Clein* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d 133); 1 C. J. S. 1027, § 18; 16 Am. Jur. 280, 286, §§ 7 and 13.' *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d 567). See also *Georgia Marble Co.* v. *Tucker,* 202 *Ga.* 390 (43 S. E. 2d 245)." *Sumner* v. *Davis,* 211 *Ga.* 702 (1) (88 S. E. 2d 392).

3. In the present case the petition does not allege that the petitioner is without an adequate remedy at law or in equity, but on the contrary it is clear that he has an adequate remedy at law. Whatever rights the parties have are accrued already, and no facts or circumstances are alleged that show that an adjudication of their rights is necessary in order to relieve them from the risk of taking any future undirected action incident to their rights, which action without direction might jeopardize their interest. Accordingly, the trial court properly sustained the defendant's general demurrer to the plaintiff's petition which challenged the propriety of a declaratory judgment.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED NOVEMBER 29, 1955.

*Dan S. Beeland, Ernest C. Britton,* for plaintiff in error.
*Roy S. Levinson, Paul Blanchard,* contra.