35923. SAVANNAH THEATRES CO. *v.* FIRST FEDERAL SAVINGS & LOAN ASSN.
35926. ALMA CORPORATION *v.* FIRST FEDERAL SAVINGS & LOAN ASSN.

DECIDED JANUARY 27, 1956—REHEARING DENIED FEBRUARY 21, 1956.

488

*Spence M. Grayson,* for Alma Corporation.

*Stephens & Gignilliat, Bright & McLamb,* for First Federal Savings & Loan Assn.

*Oliver, Davis & Maner,* for Savannah Theatres Co.

NICHOLS, J. " 'While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest. *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d 915); *Clein* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d 133); 1 C. J. S. 1027, § 18; 16 Am. Jur. 280, 286, §§ 7 and 13.' *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d 567). See also *Georgia Marble Co.* v. *Tucker,* 202 *Ga.* 390 (43 S. E. 2d 245)." *Sumner* v. *Davis,* 211 *Ga.* 702 (1) (88 S. E. 2d 392).

In the present case the allegations of the petition show that there is an actual controversy between the parties; however, the allegations do not show that the petitioner is without an adequate

remedy at law or equity, nor are there any facts or circumstances alleged showing that a declaration of the plaintiff's rights is required in order to protect it from insecurity in taking some future action, which if taken without direction, might jeopardize its interest. The prayers of the petition amount to no more than prayers that the contract be declared breached, how it was breached, and with the giving of proper notice, (as provided for in the lease), that the petitioner be declared to be entitled to possession of the property covered by the lease. Although the alleged breach of the lease contract may be a continuing breach the plaintiff's right of action for the breach has already accrued and whatever the rights of the parties are they existed at the time the petition was filed. See *Peoples* v. *Bass*, 93 *Ga. App.* 71 (90 S. E. 2d 926).

It is contended that *Felton* v. *Chandler*, 75 *Ga. App.* 354 (43 S. E. 2d 742), controls the present case. That case is distinguishable from the case we have under consideration here in that it does not appear on the face of the *Felton* petition that the plaintiff had an adequate and complete remedy without risk as to future action, whereas in the case at bar the petition shows on its face that the plaintiff has such adequate and complete remedy. By appropriate action, which of course would not include dispossessory and distraint proceedings, the plaintiff in the trial court could have had all of his accrued rights determined and at the same time his future rights, if any, would be fixed.

Accordingly, in the present case where the rights of the parties have already accrued, and it does not appear that the plaintiff is without an adequate remedy at law or equity, and where no facts or circumstances are alleged showing that a declaration of the plaintiff's rights is needed in order to protect it from taking some future action, which if taken without direction might reasonably jeopardize its interest, it is not a proper case for a declaratory judgment, and the trial court erred in overruling the general demurrers of the defendants, Savannah Theatres Company and Alma Corporation, based on this ground. In view of the above ruling it becomes unnecessary to pass upon the other assignments of error since the petition must be dismissed without prejudice to any future action by the plaintiff to enforce its alleged accrued rights under the lease, if it should desire to bring one. See *Tucker*

v. *American Surety Co.*, 206 *Ga.* 533, 538 (57 S. E. 2d 662); *City of Summerville* v. *Sellers*, 82 *Ga. App.* 361 (61 S. E. 2d 160).

*Judgment reversed in both cases. Felton, C. J., and Quillian, J., concur.*