36280.  JONES *et al. v.* MOORE.

DECIDED SEPTEMBER 20, 1956.

*Lippitt & Lippitt, W. W. McKennon,* for plaintiffs in error.
*Thomas A. Clark, Dykes, Dykes & Marshall,* contra.

NICHOLS, J. " ' " While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct

which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest. *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d 915) ; *Clein* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d 133) ; 1 C. J. S. 1027, § 18; 16 Am. Jur. 280, 286, §§ 7 and 13." *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d 567). See also *Georgia Marble Co.* v. *Tucker,* 202 *Ga.* 390 (43 S. E. 2d 245).' *Sumner* v. *Davis,* 211 *Ga.* 702 (1) (88 S. E. 2d 392)." *Peoples* v. *Bass,* 93 *Ga. App.* 71 (2) (90 S. E. 2d 926).

The petition in the present case alleges that there is a justiciable controversy between the parties, but it does not allege, nor does it appear from the pleadings, that the plaintiffs do not have an adequate remedy at law or in equity, and the rights of the parties, whatever they are, have already accrued. Either the agreement of the defendant to sell the property is binding on her or it isn't, and the petition does not show that the plaintiffs are in a position of taking some future action, which if taken without a declaratory judgment might jeopardize their accrued rights.

The contention of the plaintiffs that they are entitled to a declaratory judgment since the administration of an estate is involved in the present action is without merit since it affirmatively appears from the petition that the debts of the estate have been paid or that the administrators of the estate have the necessary funds on hand to pay such debts, therefore, the administrators are not in the position of having to sell the land in order to complete the administration of the estate. The allegations that personal property of the estate is deteriorating because of the failure of the defendant to execute a warranty deed do not aid the allegations of the petition, since the proper administration of the estate does not require that the real property here in dispute be sold before the personalty that is allegedly deteriorating, and under Code § 113-1701 the personalty could have been sold, and if deteriorating as alleged in the petition possibly should have been sold, months before the alleged agreement, on which the declaratory judgment is sought, was entered into.

In view of what has been said above the trial court did not err in sustaining the defendant's general demurrer to the plaintiffs' petition, and it is unnecessary to consider the special demurrers.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*