36439. UNITED STATES CASUALTY CO. *v.* GEORGIA SOUTHERN & FLORIDA RY. CO. *et al.*

36440. GEORGIA SOUTHERN & FLORIDA RY. CO. *v.* UNITED STATES CASUALTY CO. *et al.*

DECIDED JANUARY 22, 1957—REHEARING DENIED FEBRUARY 11, 1957.

*Memory, Barnes & Memory, Martin, Snow & Grant,* for plaintiff in error case No. 36439.

*Bloch, Hall, Groover & Hawkins, Blalock & Blalock, Gibson & Maddox, R. D. Smith,* contra.

*Bloch, Hall, Groover & Hawkins,* for plaintiff in error case No. 36440.

*Memory, Barnes & Memory, Martin, Snow & Grant, Blalock & Blalock, Gibson & Maddox, R. D. Smith,* contra.

NICHOLS, J. " 'While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest. *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d 915) ; *Clein* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d 133) ; 1 C. J. S. 1027, § 18; 16 Am. Jur. 280, 286, §§ 7 and 13.' *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d 567). See also *Georgia Marble Co.* v. *Tucker,* 202 *Ga.* 390 (43 S. E. 2d 245)." *Sumner* v. *Davis,* 211 *Ga.* 702 (1) (88 S. E. 2d 392). See also *Savannah Theatres Co.* v. *First Federal Savings &c. Assn.,* 93 *Ga. App.* 487 (92 S. E. 2d 217), and *Jones* v. *Moore,* 94 *Ga. App.* 348 (94 S. E. 2d 523).

The petition in the present action seeks an adjudication that the action brought against the railroad by Mrs. McKinnon is within the coverage of a policy of insurance issued by the defendant insurance company, and in addition thereto seeks to have decided the rights of the parties under various contracts or agreements entered into as the result of the State having had an overhead bridge built over a main-line track of the railroad.

The Supreme Court, in its decision transferring the writs of error in the present case to this court, held that the allegation in the petition relating to a multiplicity of suits was a mere conclusion of the pleader. *United States Casualty Co. v. Ga. &c. Ry. Co.*, 212 *Ga.* 569 (94 S. E. 2d 422). Therefore, that question is not presented for decision, even assuming that it could be presented to this court.

This is not a case where an insurance company is seeking a declaratory judgment to determine if it is liable on a policy before it spends money to defend an action brought against its alleged insured. See *Georgia Casualty & Surety Co. v. Turner*, 86 *Ga. App.* 418 (71 S. E. 2d 773), and *Griffin v. Hardware Mutual Ins. Co.*, 93 *Ga. App.* 801 (92 S. E. 2d 871). In that type of case the insurance company is faced with the problem of spending money to defend an action which it could not recover if it were later found to be not liable under the policy issued by it. However, such is not the case here where the insured is seeking the declaratory judgment, for if the insured defends the action, and certainly the insured wants any action against it defended, and the insurer is not liable the insured has lost nothing for it would have only spent money to defend an action brought against it which was not covered by the insurance policy, and, if the insurer is liable, the insured can recover any sums spent by it to defend the action, and, if a judgment is rendered against it, the amount of the judgment up to the limits of the policy in a breach of contract suit against the insurer.

All the rights of the parties under the insurance contract and the contracts or agreements were fixed at the time of the collision between the train and the dirt-moving machine, and the plaintiff is not in a position of having to take some action which, if taken without the aid of a declaratory judgment, might jeop-

ardize its position. Accordingly, the trial court erred in overruling the general demurrer filed by the insurance company and all further proceedings were nugatory.

That portion of the decision of this court in the case of *Drake* v. *General Accident &c. Corp.*, 88 *Ga. App.* 408, 413 (77 S. E. 2d 71), which is in conflict with what has been held above, is in conflict with the full bench decisions of the Supreme Court, supra, and cannot be followed.

The defendant insurance company's general demurrer went to the "very vitals of the plaintiff's case" and necessarily inured to the benefit of the other defendants. See *Young* v. *Koger*, 94 *Ga. App.* 524, 528 (95 S. E. 2d 385), and cases cited. Inasmuch as such general demurrer should have been sustained and the petition for declaratory judgment dismissed, the further proceedings were nugatory, and the other assignments of error need not be passed upon by this court.

*Judgment reversed in case No. 36439; case No. 36440 dismissed. Gardner, P. J., Carlisle and Quillian, JJ., concur. Felton, C. J., and Townsend, J., dissent.*

FELTON, C. J., and TOWNSEND, J., dissenting. If the casualty company is obligated to defend any action against the railroad under the policy it issued to the railroad, it is immaterial that the rights of the parties had already accrued and that the railroad had a remedy at law against the casualty company for damages, attorneys' fees and expenses for a failure to defend the action. If the casualty company is obligated to defend the action against the railroad, by the terms of the insurance policy, the railroad is entitled to have the case defended by the insurance company if it so desires. This is a legal right and the determination of the obligation of the insurance company is necessary in order that the railroad may determine its future action with reference to a defense of the case. It is no concern of the courts as to why the railroad insists on the right to have the insurance company defend the case. It is enough that under the law and decisions of the Supreme Court, as we interpret them, it has a right to know what its rights are, as a guide for its future course.