## 37137. POWERS *v.* KLEVEN.

DECIDED MAY 20, 1958—REHEARING DENIED JUNE 10, 1958.

*Hicks & Henderson, J. Douglas Henderson,* for plaintiff in error.

*Bentley, Awtrey & Bartlett,* contra.

NICHOLS, Judge. The plaintiff's petition shows that the property conveyed to him by the defendant is rectangular in shape, that the defendant owns the property on three sides of such property, and that the fourth side is a "right-of-way" designated by the defendant. The plaintiff seeks to have declared whether or not the defendant can claim title to the "right-of-way" so as to prevent its use by the plaintiff, and whether the plaintiff has a right to erect electric wires over the "right-of-way." He also seeks to have declared whether the contract entered into between the parties is a valid contract, and, if

valid, whether there are provisions under it which would still bind him.

" 'While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest. *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d 915); *Clein* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d 133); 1 C. J. S. 1027, § 18; 16 Am. Jur. 280, 286, §§ 7 and 13.' *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d 567). See also *Georgia Marble Co.* v. *Tucker,* 202 *Ga.* 390 (43 S. E. 2d 245)." *Sumner* v. *Davis,* 211 *Ga.* 702 (1) (88 S. E. 2d 392). See also *Savannah Theatres Co.* v. *First Federal Savings &c. Assn.* 93 *Ga. App.* 487 (92 S. E. 2rd 217), and *U.S. Casualty Co.* v. *Ga. &c. Ry. Co.,* 95 *Ga. App.* 100 (97 S. E. 2d 185), and cases cited. "In the present case the petition does not allege that the petitioner is without an adequate remedy at law or in equity, but on the contrary it is clear that he has an adequate remedy at law. Whatever rights the parties have are accrued already, and no facts or circumstances are alleged that show that an adjudication of their rights is necessary in order to relieve them from the risk of taking any future undirected action incident to their rights, which action without direction might jeopardize their interest." *Peoples* v. *Bass,* 93 *Ga. App.* 71 (3) (90 S. E. 2d 926).

Whatever the rights of the parties are in the present case they are rights which have already accrued, for as stated in the plaintiff's petition: "The plaintiff would be able to comply with the terms of the aforementioned contract were it not for the

interference of the defendant as aforesaid." This interference had reference to the "right-of-way," and whatever the rights of the parties are concerning such "right-of-way," they accrued at the time the property was conveyed from the defendant to the plaintiff. There are no allegations in the plaintiff's petition that he does not have an adequate remedy at law or in equity, nor do the allegations of his petition show that he is without an adequate remedy. Therefore, the petition failed to set forth a cause of action for a declaratory judgment, and the judgment of the trial court overruling the defendant's demurrer, which demurrer challenged the propriety of a declaratory judgment, must be reversed.

*Judgment reversed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. The petition is defective in that it does not allege that there is no remedy in law or equity that will be as adequate and complete as a declaration of plaintiff's rights. However, if such an allegation were to be added I think the petition would still be subject to demurrer for the reason that the petition does not allege that the contract attached to the petition was based on a valid consideration. On its face it appears to be based on a past consideration and not a present consideration agreed on by the parties at the time of the execution of the deed, whether it was embodied in the deed or not. If it should be alleged by amendment that the contract was based on a valid consideration I think the petition would set out a good cause of action for a declaratory judgment. The petition sets forth that Lewis E. Powers executed and delivered to T. L. Kleven, by warranty deed dated March 31, 1956, a parallelogram 121 feet by 295 feet. The deed provided, "There shall be built on said property a one-family dwelling of no less than 1540 square feet of living area, excluding all porches, basements, car ports or garages." The deed made no reference to any consideration other than that recited in the deed and was a legal warranty deed with the exception of the restriction as to the dwelling to be built thereon.

The contract involved in this action, dated April 15, 1956, is

as follows: "Georgia, Cobb County. This contract made and entered into by and between Lewis E. Powers, hereinafter called the party of the first part, and T. L. Kleven, hereinafter called the party of the second part. Witnesseth: That for and in consideration of the sale by the party of the first part to the party of the second part a valuable tract of land, same being a parallelogram 121 feet by 295 feet, and same being correctly set out and indexed on a plat which is attached to this contract, and made a part hereof by reference, for a price of only $800, party of the second part contracts and agrees as follows: A. Party of the second part agrees to construct and maintain a serviceable roadway 24 feet wide along the west side of the property of the party of the first part, same lying 3 feet from the extreme west side of said property, and running from the Barnesville Road in a southerly direction along said western boundary. B. Party of the second part agrees that he will, within one year, provide a supply of fresh water on his property, and that said water shall be provided under the following conditions: 1. If party of the second part drills a well and obtains more water than 10 gallons per minute, then party of the second part contracts and agrees that he will furnish water to the party of the first part's property for a single family residence at no expense to party of the first part, except that he must furnish his own pipe and independent water system. 2. If party of the second part lays a water line to his property, then he must lay a one-inch pipe or longer, and contracts and agrees that he will supply a sufficient quantity of water for a single family residence, without cost to the party of the first part, and further that said water line will be large enough so that other adjacent property owners who buy from the party of the first part may obtain a sufficient supply of water from said line for a nominal tap fee. 3. Party of the second part contracts and agrees that he will furnish said water at any time within a year from the date of this contract. C. Party of the second part contracts and agrees that within a period of one year he will supply said water by either of the above means, and that he will have a single family residence more than three quarters completed, to include exterior walls, windows, interior

walls, and all plumbing roughed in, on said property and that should party of the second part fail so to do, then he specifically contracts and agrees that party of the first part may re-buy the property described in a plat attached hereto at an agreed price of $775, and that said offer whereby party of the second part agrees to sell and party of the first part agrees to buy at said total price of $775 shall be binding upon the party of the second part for a period of ten years; however, this contract shall be terminated in so far as the rights of the party of the first part to re-purchase our concern at any time that the party of the second part completes said house within a period of ten years.

"Parties to this instrument contract and agree that this instrument contains the whole agreement as between themselves, and that any change or additions or corrections shall not be binding on either parties unless reduced to writing.

"Witness our hands and seals this 15th day of April, 1956.

> "s/  Lewis E. Powers    (L. S.)
> Party of the First Part
> "s/  T. L. Kleven    (L. S.)
> Party of the Second Part."

The prayers of the petition in addition to prayers for process are as follows:

"b.  That this court consider, declare and adjudicate the respective rights of the parties litigant hereto as to the following questions: 1.  Whether said contract, not supported by a separate consideration is valid so as to bind the parties thereto: 2.  If said contract is held to be valid: (a)  Whether said contract is valid to alter the rights of the parties under the deed. (b)  Whether, though valid, there are any provisions under the contract, uncomplied with, which can still bind plaintiff. 3.  Whether said contract can be interpreted to be a part of said deed. (a)  Whether, if so held, defendant by his actions can be enjoined from exercising any equitable right to a decree for specific performance of said contract thereby compelling plaintiff to resell the land to him at the stated price. (b)  Whether, if so held, said contract should be interpreted as a covenant or as a condition subsequent. 4.  Whether de-

fendant, by designating a 27 foot right-of-way along the west side of plaintiff's property, can now claim such title to said right-of-way to prevent its use by the plaintiff. 5. Whether plaintiff is entitled to erect over said designated right-of-way a power line to provide electrical power to his property, as a matter of law based on plaintiff's right to ingress and egress."