20143. ROWAN *et al.,* Trustees, *v.* HERRING, Exr., *et al.*

ARGUED JULY 15, 1958—DECIDED SEPTEMBER 5, 1958.

*Conger & Conger, Leonard H. Conger,* for plaintiffs in error.
*Custer & Kirbo,* contra.

MOBLEY, Justice. The executor has construed the will to give the church two houses and lots and the defendants one house and lot, and he has executed a deed to the defendants conveying the house and lot in question. The defendants are in possession of the house and refuse to deliver it to the plaintiffs or to account for the rents. From these facts it is clear that all rights have accrued to the parties; that no adjudication of the plaintiffs' rights is necessary in order to relieve them from the risk of taking any future undirected action incident to their rights, which action without direction would jeopardize their interest—no necessity for direction as to future action is alleged, and the plaintiffs have an adequate remedy either at law or in equity.

In the first case to come before this court under the Declaratory Judgment Act of 1945, this court stated: "As we understand the beneficent purposes and intent of the act, it was not intended in some ambiguous way to blot out 'at one fell swoop' innumerable rights and privileges bestowed by the Code and by the fundamental principles of law, but was intended by the very meaning and concept of the word to give additional protection to persons who may become involved in an actual justiciable controversy, in that they differ between themselves as to what their rights are, and who wish to find them out before taking some dangerous step which might or might not be authorized." *Shippen* v. *Folsom,* 200 *Ga.* 58, 68 (35 S. E. 2d 915). In *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (1) (42 S. E. 2d 567), this

court ruled that, "While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. · It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest." This ruling has been consistently followed, as pointed out in *Sumner* v. *Davis*, 211 *Ga.* 702 (88 S. E. 2d 392), and in the following cases decided since the *Sumner* case: *Brown* v. *Cobb County*, 212 *Ga.* 172 (91 S. E. 2d 516); *Zeagler* v. *Willis*, 212 *Ga.* 286 (92 S. E. 2d 108); *State of Georgia* v. *Hospital Authority*, 213 *Ga.* 894 (102 S. E. 2d 543).

However, the plaintiffs contend that the instant petition involves the construction of a will and that, without regard to whether petitioners are faced with uncertainty and insecurity or whether direction is needed before taking some future action, a cause of action is stated under Code (Ann.) § 110-1107, which reads as follows: "Without limiting the generality of any of the foregoing provisions, any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, ward, next of kin, cestui que trust, in the administration of a trust or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto and a declaratory judgment: . . . (c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

With this contention we do not agree. Rights given under this section must be construed in connection with section one of the act, Code (Ann.) § 110-1101. There must exist an actual controversy as to questions arising out of the administration of

the estate, or disputed questions necessitating a construction of the will. *Darnell* v. *Tate*, 206 *Ga.* 576 (58 S. E. 2d 160); *Wright* v. *Heffernan*, 205 *Ga.* 75 (52 S. E. 2d 289). Likewise, the rule as to the necessity for direction, as quoted from the *Gerdine* case, 202 *Ga.* 197, supra, applies in cases arising under Code (Ann.) § 110-1107 equally as well as to cases arising under section one of the act. The same impelling reasons for such rule apply in cases involving administration of estates, construction of wills, etc. The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. As many times pointed out by this court, its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole. 7 Ga. Bar Journal, p. 132; *Venable* v. *Dallas*, 212 *Ga.* 595 (94 S. E. 2d 416).

These petitioners obviously are not in that position. They are not faced with taking any step that would injure or jeopardize their rights. The steps have already been taken. All rights have accrued, the property has been deeded by the executor to the defendants Mrs. Simmons and Mrs. Herring, and they are in possession of it. The plaintiff's position now is quite different from that which existed prior to the executor's deeding the property to Mrs. Simmons and Mrs. Herring and their going into possession. They have waited until the horse is out and gone before trying to lock the stable door. What they now are concerned with is getting the property back, having the executor's deed canceled of record, securing assent of the executor to the devise of the property to them, recovering their rents, etc., none of which relief is available in this proceeding but for which they have an adequate and complete remedy.

In *Cohen* v. *Reisman*, 203 *Ga.* 684 (48 S. E. 2d 113), this court applied the rule pronounced in the *Gerdine* case, 202 *Ga.* 197, supra, where a declaratory judgment was sought for construction of a will. The will provided for forfeiture of the interest of any beneficiary who sought to involve the estate in litigation. The court stated (headnote 3): "Here is an unquestionably justiciable controversy, where there is uncertainty

and insecurity with respect to rights of the litigant as to whether she would forfeit her rights under the will by bringing an action of the character indicated"; and concluded "that the instant case comes clearly within the purview of the declaratory-judgment act, and the trial court properly overruled the general demurrer attacking the petition on this ground." In *Taylor* v. *Taylor,* 205 *Ga.* 483, 485 (53 S. E. 2d 769), it was stated: "It is not contended that the present petition is maintainable as one for a declaratory judgment, under the provisions of the Declaratory Judgments Act (Ga. L. 1945, p. 137), giving to legatees the right to a declaration of rights with respect to the construction of wills; nor does the petition purport to seek such relief. If it did, it would be inadequate because all acts complained of have accrued, and the petition in nowise indicates that the plaintiff is without an adequate remedy in law or equity, nor does it show the existence of any facts or circumstances such as would render an adjudication necessary in order to relieve the plaintiff from the risk of taking any future undirected action incident to his rights, which action without direction would jeopardize his interest. *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d 567); *Georgia Marble Co.* v. *Tucker,* 202 *Ga.* 390 (43 S. E. 2d 245)." The conclusion indicated by the *Cohen* and *Taylor* cases, supra, is sound, and the rule pronounced in the *Gerdine* case, supra, applies to cases brought under the provisions of Code (Ann.) § 110-1107.

For the reasons given above, the petition does not allege a cause of action for declaratory judgment, and it was not error for the trial court to sustain the general demurrer thereto and dismiss the petition.

*Judgment affirmed. All the Justices concur.*