## 39962. PATAT, Administrator v. BULLOCK.

Russell, Judge.    1. A petition for declaratory judgment will not lie where all the rights of the parties have already accrued and where no facts or circumstances are alleged showing any necessity for an adjudication of the plaintiff's rights in order to relieve him from the risk of taking future undirected action which, without such direction, would jeopardize his interest. *Pinkard v. Mendel*, 216 Ga. 487 (117 SE2d 336).

2. The plaintiff Patat is administrator of the estate of Marilza Frye.  Mrs. Frye during her lifetime signed as surety on a note executed by her daughter Willie Mae to the Georgia Loan & Investment Corp. and to secure her daughter's indebtedness also executed a security deed to the creditor involving certain described land.  The defendant Bullock eventually paid off the indebtedness to the corporation and took an assignment of the instrument, which assignment the plaintiff alleges is void.  In the meantime, plaintiff had sold the land in question as property of the estate to one Scarborough.  Bullock has begun foreclosure proceedings under the power of sale in the security deed he claims was assigned to him and Scarborough has garnished the plaintiff seeking to recover the consideration paid by him for the land.  Bullock has not demanded that plaintiff pay the indebtedness represented by the note and security deed.  Scarborough, the only person prosecuting or threatening legal action against the plaintiff administrator, is not a party to this action.  The plaintiff in bringing this writ of error to this court obviously is not contending his petition states a cause of action in equity (as, for example, in quia timet) and the only applicable prayer remaining in the petition is that the indebtedness secured by said security deed be declared to have been paid; however, neither the note nor the security deed constituting the indebtedness is set out in substance or by exhibit.  The plaintiff's situation would have been different had an action for declaratory judgment been brought prior to his sale of the property. *Rowan v. Herring*, 214 Ga. 370, 374 (105 SE2d 29) ; *Fuller v. Fuller*, 107 Ga. App. 429.  Since the property has been sold, the plaintiff shows no facts under which a judgment would relieve him from risk in taking future action, for which reason the petition fails to set forth a cause of action.

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Carlisle, P. J., Bell, Jordan, Hall and Eberhardt, JJ., concur. Felton, C. J., Nichols, P. J., and Frankum, J., dissent.*

DECIDED MARCH 15, 1963.

*Vane G. Hawkins, Jim Hudson,* for plaintiff in error.

*Stephens, Fortson, Bentley & Griffin, Edwin Fortson,* contra.

FELTON, Chief Judge, dissenting. I dissent from the judgment for the reason that in my opinion this court does not have jurisdiction of the case for the reason that the allegations and prayers show that the relief sought is a cancellation of a security deed. Paragraph "(b)" of the prayers is as follows: "that: . . . (b) The indebtedness secured by said security deed be declared to have been paid and said deed be decreed to be satisfied of record."

Nichols, P. J., and Frankum, J., concur in the foregoing dissent.