SUTTLES, tax-collector, *v.* DICKEY.

REID, Chief Justice. 1. Construing the provisions of the Code, §§ 92-7701, 92-7702, 110-1001, in the light of former interpretations made in *Georgia Railroad & Banking Co.* v. *Wright,* 124 Ga. 596 (53 S. E. 251), *Darby* v. *DeLoach,* 190 Ga. 499, and *Reynolds* v. *Hardin,* 187 Ga. 40 (200 S. E. 119), claims for taxes should be enforced within seven years from the date when they are due and when executions could have been issued therefor (§ 92-5102), unless within such time an execution is issued and entered on the general execution docket, as in the case of judgments. *Easterlin* v. *New Home Sewing Machine Co.,* 115 Ga. 305 (41 S. E. 595); *Oliver* v. *James,* 131 Ga. 182 (62 S. E. 73). The latter requirement is not fulfilled or effectuated by merely depositing the execution in the office of the clerk and having an entry of filing made thereon, but the execution should be actually entered on the docket. The provisions of § 67-2501, declaring effective from the date of filing "deeds, mortgages, and liens of all kinds," as against third persons acting in good faith and without notice, have no application in such case. The execution in the present case was for taxes for the year 1929; and though it was issued on December 18, 1936, and an entry of filing made thereon by the clerk of the superior court on December 19, 1936, it was not recorded on the general execution docket until January 8, 1937, more than seven years from the date when the taxes were due and execution could have been

issued therefor; and under the above rulings, it was barred and could not be enforced.

2. Assuming it to be true, as contended, that when a taxpayer fails to make a return of property the statute does not begin to run until the county board of tax-assessors actually makes an assessment upon which an execution could be issued, which assessment may now be made at any time within seven years (Ga. L. 1935, p. 472; 1937, p. 517), and assuming also that it appears in the record now before the court that it was shown that the execution sought to be enforced was in fact based on such an assessment, nevertheless it was not made to appear when the assessment was actually made; and since as the law stood in 1929 it was contemplated that an assessment in such case be made by the Fulton County board of tax-assessors before December 20 of such year (Ga. L. 1920, p. 17, and see generally Code, § 92-6911 et seq.), it should be taken that the assessment was in fact made before such date, in the absence of a showing to the contrary.

3. Since under the above rulings the execution was barred, the taxpayer was no longer bound for the taxes; and he could maintain the present action to enjoin enforcement of the execution and for its cancellation. He was not estopped from doing so because he owned the property for the entire year for which the taxes involved were due, failed to make a return of the property for such year, and had not paid or offered to pay the taxes.

4. The court did not err in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 13568. JUNE 16, 1941.

*Spalding, Sibley, Troutman & Brock, E. H. Sheats, W. S. North-cutt,* and *Standish Thompson,* for plaintiff in error.
*John M. Seal,* contra.