35071.  STATE OF GEORGIA *v.* FULLER.

Decided May 28, 1954—Rehearing denied June 29, 1954.

*Eugene Cook, Attorney-General, Geo. E. Sims, Jr., Assistant Attorney-General, John W. Wilcox, Jr.,* for plaintiff in error.

*Walter Sanders, Charles Van S. Mottola,* contra.

NICHOLS, J. The first ground of Fuller's affidavit of illegality is based on Code § 92-3303 (a): "Except as provided in subsection (b) of this section, the amount of income taxes imposed by this law shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." It is provided in § 92-3303 (c) that, "When the assessment of any income tax has been made within the period of limitation properly applicable thereto, such tax may be collected by execution."

In support of the superior court's ruling, Fuller contends that, regardless of what an assessment may be, no timely assessment was made in the present case, and therefore the State is barred from proceeding to collect the tax. The State's contention is that "assessment" as used in the income-tax law means the assessment of a deficiency, as dealt with in Code § 92-3302, and that the limitation of three years is applicable only to an assessment of a deficiency.

Ordinarily, there are two distinct issues between the State and one who is liable for the payment of income tax: first, what amount of tax is to be paid; and, second, whether the tax has been paid. Concerning payment, the Code provides that "The total amount of tax imposed" shall be paid on or before March 15 following the close of a calendar year, unless an election is made to pay the tax in instalments. § 92-3301. An execution may be issued by the Revenue Commissioner if any tax imposed by law is not paid within 10 days after notice and demand. § 92-3306. From the time it is due and payable, income tax shall become a personal debt of the taxpayer to the State. § 92-3311. It is apparent that *payment* of the tax imposed is not conditioned upon assessment by the Revenue Commissioner.

The Code does not define an assessment, but Code § 92-3302 at least shows that an assessment is an administrative act relating to the issue of the correct determination of the tax to be paid. The Revenue Commissioner is required to examine a return after it has been filed and to determine the correct

amount of tax. If he determines that there is a "deficiency"—i.e., either an excess of the tax imposed by law over the amount returned, or the Commissioner's determination of the tax where no return is filed or where the taxpayer has not shown his tax on his return (§ 92-3302(f))—then he must notify the taxpayer of his determination. The deficiency may not be assessed nor proceedings for its collection begun until 30 days after the date of the notice, unless the taxpayer has petitioned for a redetermination of the deficiency; in such case, the assessment of the deficiency may be made and its collection begun only after notifying the taxpayer of the commissioner's decision on the redetermination of the deficiency. Code § 92-3302 (a, b, c).

These considerations lead to the conclusion that a collection proceeding as referred to in Code § 92-3303 is one involving an issue as to the determination of the tax due. The effect of this section is to state that the question of the correctness of a return is closed three years after it has been filed, unless the administrative procedures for an assessment have been commenced within that time. The exceptions stated in subsection (b) of § 92-3303 are where no return is filed or where the return filed is incomplete or fails to show the taxpayer's total income from all sources; assessment may be made at any time in such cases, and, if no return is filed, a proceeding for collection may be begun without assessment.

Fuller contends that this construction would make the statute limiting the time for assessment applicable only in cases where the taxpayer has filed a complete return, showing all of his income, but has not correctly calculated his tax, as where he may have claimed items not allowable as deductions from income or exemptions to which he was not entitled. This is said to penalize the taxpayer whose return is correct by allowing collection proceedings to be instituted against him without timely assessment. But, as we read the statutes, no assessment proceeding is required where the return is accepted by the Commissioner as correct. As shown above, the tax is due and payable as a personal debt without an assessment, and this indicates that an assessment is an action taken only with regard to the collection of an amount of tax exceeding that returned by the taxpayer.

In the present case, Fuller's return showed a tax of $800.67 as due on his 1947 income. The execution was issued some five years later to collect the same amount, with interest. The question raised by the execution was whether the tax had been paid, and not whether it had been correctly determined. The Revenue Commissioner is not seeking to question Fuller's return; indeed, if the return is complete, he is precluded from doing so. But the statute does not bar the Revenue Commissioner from collecting the tax in the amount admitted to be due when the return was filed, if that amount has not been paid.

The court erred in quashing the execution and in overruling the demurrer to the first paragraph of the affidavit of illegality.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*