38173. OXFORD, Commissioner, etc. *v.* JESSUP.

DECIDED APRIL 20, 1960—REHEARING DENIED MAY 10, 1960.

616

Eugene Cook, Attorney-General, Ben F. Johnson, Jr., L. F. Mc-Donald, John E. Dean, Deputy Assistant Attorneys-General, for plaintiff in error.

Bloch, Hall, Groover & Hawkins, Johnny Floyd, Denmark Groover, Jr., contra.

FELTON, Chief Judge. ■ The court was authorized to find that the taxpayer was not liable for penalties based on his participation in the filing of a false or fraudulent return. The finding was authorized that the taxpayer unlawfully but innocently and ignorantly sought to settle his tax debt with a representative of the State for less than the amount due; that the taxpayer did not contemplate or participate in the filing of false and fraudu-

618

lent returns in his behalf by the State agents; that the taxpayer did not conspire with the State agents in a scheme whereby the agents were to rob the State of the amount he paid in an effort to settle his debt and that he honestly believed the State agents had authority to make the settlement and that the State would receive the amount paid in settlement. It is true that the State is not bound by any unauthorized settlement and that a taxpayer may be said to be a party to an unlawful conspiracy to settle under the facts of this case and remains liable for the full debt less the amount paid on good faith. Acts cited in Code (Ann.) § 92-3426a provide in part: "In the case of a false or fraudulent return where wilful intent exists to defraud the State of any tax due under this chapter, a specific penalty of 50 percent of the tax bill shall be assessed." The finding was authorized under the facts here that the taxpayer was not guilty of a wilful intent to defraud. If the evidence had demanded the finding that the taxpayer had known that the State's agents intended to steal the amount paid in settlement he would have been charged with knowledge of the false returns filed by the agents in his behalf, but not otherwise. The rules applying to civil conspiracy do not extend to the point of infusing the stigma of immorality into an act which is merely malum prohibitum. Ga. L. 1937-38, Ex Sess. pp. 77, 83, Ga. L. 1953, pp. 185 , 186; Code (Ann.) §§ 92-8411, 92-8411.1. We conclude, as already stated, that the court was authorized to find that the taxpayer was not liable for penalties based on the filing of false and fraudulent returns.

■ Ga. L. 1951, pp. 360-387, Ga. L. 1953, p. 184, (Code, Ann., § 92-3447a) provide: *"Time of assessment; limitation of actions.*—The amount of taxes imposed by this law shall be assessed within three years after such taxes become due and payable and no proceeding of any kind for the collection of such taxes, interest or penalty shall be begun after the expiration of such period: Provided, however, in the case of a false or fraudulent return with intent to evade payment of taxes imposed by this Chapter or a failure to file a return, the tax may be assessed or proceeding in court for the collection of such tax may be begun without assessment at any time." Ga. L. 1951, pp. 360-382; Ga. L. 1952, pp. 334, 336 (Code, Ann., § 92-3434a) provide: *"Delin-*

*quency procedure; execution; distraint, levy, and sale; claim of illegal assessment.*—The tax imposed by this Chapter shall for each month become delinquent on the 20th day of each succeeding month. The State Revenue Commissioner is empowered and it shall be his duty when any tax becomes delinquent under this Chapter, to issue a fi. fa. for the collection of the tax, interest and penalty from each delinquent taxpayer. Said fi. fa. may be addressed and delivered to the sheriff wherein such delinquent taxpayer resides, or has his principal office or place of business, or to the sheriff of any county in which the Commissioner has reason to believe property of such delinquent taxpayer may be found. The sheriff into whose hands such fi. fa. may come, or his deputy, may execute same by the distraint and sale of personal property belonging to such taxpayer and the proceedings in respect thereto shall be the same as are provided by law for proceedings under an execution at law from a court of record; and the executing officer shall be entitled to the same fees, commissions, and necessary expense of removing and keeping property levied upon as in case of an execution from a court of record. If the officer cannot find any personal property to satisfy said fi. fa., he may levy same upon any real estate belonging to such delinquent taxpayer; and if levied on land, the same shall be sold under law applying to sheriff's sales in other cases. Upon any claim of illegal assessment and collection the taxpayer shall have his remedy under section 92-8445 et seq., and also shall be allowed to file claims for refund in the manner authorized by the general law." The notice of assessment in this case involves a two-fold purpose and the stipulations concede that this is true and there was no issue made as to the propriety of the action of the Commissioner. One purpose of the notice was to issue an assessment based on fraudulent returns, and the other to issue an assessment for the amounts admitted to be due by the taxpayer according to returns accepted by the Commissioner. The purpose of the double adjudication was designed to settle all issues in one proceeding and simplify the procedure and administration. Furthermore, the proceeding afforded the taxpayer the opportunity to assert the statute of limitations as to the amounts returned and accepted by the Commissioner. Under the two laws

above quoted in this division the court erred in holding that the three-year limitation applied to the returns which *were not required* to be assessed by the Commissioner, but which were assessed on the basis of settling the issues in one proceeding. Amounts due on returns *properly made and accepted by the Commissioner need not be assessed.* The fact that they are assessed in such a case as this does not change the limitation of action as to them. It is the nature of the debt and the purpose of the law not to let contested issues become stale and difficult to prosecute or defend that matters. As to sums not required to be assessed, the statute of limitations is seven years from the time when a fi. fa. could first have been issued. *State of Georgia* v. *Fuller,* 90 *Ga. App.* 349 (83 S. E. 2d 69); *Suttles* v. *Dickey,* 192 *Ga.* 382 (15 S. E. 2d 445); *Ga. R. & Bkg. Co.* v. *Wright,* 124 *Ga.* 596 (53 S. E. 2d 251). We think Ga. L. cited by Code (Ann.) § 92-3447a are intended to serve the same function as to sales tax as acts cited in Code (Ann.) § 92-3303 are intended to serve as to the income tax.

Neither the amendment to Section 26 of the Georgia Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1960, p. 1007) nor the meaning of the section before the amendment, has any bearing on this case for the reason that that section has no application to the amounts due by a taxpayer ascertained by returns properly made and accepted by the Commissioner, whether the amounts so shown to be due are sought to be collected by assessment or execution.

The Commissioner was entitled to a judgment according to paragraph 16 of the stipulation and the court erred in not so deciding and adjudging.

*Judgment reversed. Nichols and Bell, JJ., concur.*