20945. BROWN v. NASH, Tax Commissioner of DeKalb County.

SUBMITTED JULY 12, 1960—DECIDED SEPTEMBER 8, 1960—
REHEARING DENIED SEPTEMBER 21, 1960.

*Johnson, Hatcher, Meyerson & Irvin,* for plaintiff in error.
*George P. Dillard, Herbert O. Edwards,* contra.

ALMAND, Justice. The judgment under review is one sustaining a general demurrer to a petition seeking a writ of mandamus absolute and for a declaratory judgment.

In substance the petition alleged: that petitioner was the owner of certain real property in DeKalb County, having purchased the same from Francis W. Taillard on September 1, 1959. At the time of the purchase, the property had been assessed for taxes for the year 1959, and the amount of the State and county taxes assessed against the real property was $207.42; that Taillard had filed one return listing the real and personal property, the tax on the personal property being $57.13; that petitioner has tendered the amount assessed against the real property, but the defendant Tax Commissioner of DeKalb County has refused to accept the tender because such tender did not include the tax on the personal property for the year 1959. The prayers were: (a) that a mandamus absolute issue, requiring the defendant to accept the amount of taxes assessed against the real estate, plus interest and costs for the year 1959; and (b) that a judgment issue declaring the right of petitioner to pay the taxes for 1959 assessed against the real property without payment of the taxes on personal property of Taillard, from whom the petitioner purchased the real estate.

The plaintiff insists that, under *Code* § 92-5712, he had the right to pay the amount of taxes assessed for the year 1959 against the real estate which he had purchased from Taillard, and obtain a release of the tax lien, without also paying the personal property taxes of Taillard. This Code section provides that "The owner or the holder of an equity, lien, or interest in or on property returned or assessed with other property for taxes shall be allowed to pay the taxes assessed" against any one or more pieces of such property, and the official charged with the duty of collecting the tax shall be required to accept payment, and upon the payment of the taxes assessed against the property and a fee of $0.50, shall issue a receipt and execute a release of such piece of property from the tax lien.

At the time the plaintiff purchased the property in September, 1959, the lien for that year as to the assessment of real and personal property owned by Taillard had become fixed. *Code*

*Ann.* §§ 92-5708, 92-6202. See *Pope v. Matthews,* 125 Ga. 341, 347 (54 S. E. 152). The plaintiff at the time the lien became effective and at the time he purchased the property was not the owner or the holder of any equity, lien, or interest in the real estate which he purchased. He bought the property with knowledge of the existence of the lien, covering both the real and the personal-property taxes, against the property. He obtained no better title than his grantor had. Taillard could not have obtained a release of the real property without payment of the personal-property taxes. Neither can his grantee.

The case of *Aldridge v. Federal Land Bank of Columbia,* 203 Ga. 285 (46 S. E. 2d 578), is not applicable here. There the party seeking to pay taxes assessed against a track of land and to obtain a release of the lien without paying the taxes assessed against the personal property of the taxpayer, held a deed to secure a debt to the real estate at the time the taxes were assessed.

The petition failing to show that the plaintiff had a clear legal right to have the defendant perform in his official capacity the acts desired by the issuance of the writ of mandamus, and the plaintiff not being entitled to a declaration of his right according to his contention, it was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*