62565. ROBERTS v. FORD MOTOR CREDIT COMPANY.

SOGNIER, Judge.

Ford Motor Credit Company (Ford) brought an action for declaratory judgment against the Tax Commissioner of Fulton County seeking the release of certain motor vehicles from a tax lien. On May 28, 1980 the Tax Commissioner issued a tax execution against George Thompson Ford, Inc. (Thompson) for $24,183.77, which represented past due 1980 ad valorem taxes on Thompson's entire inventory. The Tax Commissioner caused a levy to issue against eight of the vehicles in Thompson's inventory to satisfy the $24,183.77 assessment.

Ford held a valid pre-1980 security interest in the eight vehicles which were subject to levy. Pursuant to Code Ann. § 91A-1030, Ford requested a release of a total of 44 vehicles (including the eight vehicles subject to levy) in which it held a valid pre-1980 security interest from the Tax Commissioner's lien. Ford tendered a check in the amount of $3,813.04, which included the 1980 ad valorem taxes on the 44 vehicles and a $.50 fee on each of the same vehicles, to the Tax Commissioner and requested that he execute a release of the property from the tax lien.

The Tax Commissioner refused to issue a release and Ford

sought this action seeking a declaration of its rights with regard to the 44 vehicles upon which Ford had paid the taxes and fees. The trial court granted summary judgment in favor of Ford and denied the Tax Commissioner's motion for summary judgment. We affirm.

Appellant contends that the trial court erred in applying Code Ann. § 91A-1030 and allowing a partial payment by Ford of the total ad valorem taxes owed by Thompson, and in permitting the release of the 44 vehicles.

Code Ann. § 91A-1030 provides: "The owner or the holder of any equity, lien, or interest in or on property returned or assessed with other property for taxes shall be allowed to pay the taxes assessed against *any one or more pieces of such property,* (a) when listed separately by the owner or assessor on the tax return or digest, according to the valuation shown by said return or assessment . . . The officials charged with the collection of taxes . . . shall be required to accept payment of the taxes when tender is made as provided in this Section, shall issue a receipt showing the payment, and shall execute a release of the property from the lien for taxes, and the official or transferee accepting the payment and releasing the property shall be paid a fee of 50 cents for issuing the receipt and release." (Emphasis supplied.)

We find this case controlled by the plain language of the above quoted statute and by *Aldridge v. Federal Land Bank,* 203 Ga. 285 (46 SE2d 578) (1948). In *Aldridge,* our Supreme Court interpreted Code Ann. § 92-5712 (Ga. L. 1931, p. 122), which has been superseded but is essentially unchanged by Code Ann. § 91A-1030. The court held that the statute applied to both real and personal property, that the provisions of the statute apply where partial payment of past due ad valorem taxes are made by the holder of a security interest in the property upon which the tax is paid, and that an action for declaratory judgment is the appropriate remedy to enforce the rights of the party holding the security interest.

Appellant argues that Code Ann. § 91A-1030 is not applicable because eight of the 44 vehicles had been levied upon, and because Ford should not be permitted to seek a release on the 44 vehicles where the Tax Commissioner has levied on the eight vehicles to satisfy the *entire* amount of past due ad valorem taxes owed by Thompson. The Tax Commissioner contends that Code Ann. § 91A-252 applies and that liens for state and county taxes are superior to all other liens, taxes due the state being first in rank and taxes due the county second in rank. Therefore, appellant argues, Ford cannot prohibit the Tax Commissioner's execution and levy by invoking the provisions of Code Ann. § 91A-1030. If Ford were permitted to enforce its rights under Code Ann. § 91A-1030 simply by paying the

past due taxes and fees, appellant contends that the property levied upon for past due taxes would, of course, be unavailable to the Tax Commissioner and his ability to levy on property as a means of collecting taxes would be undermined.

Appellant cites *Merchants Nat. Bank v. McWilliams,* 107 Ga. 532 (33 SE 860) (1899), in support of his contentions. This case is inapplicable to the case sub judice, because Code Ann. § 92-5712, the precursor of Code Ann. § 91A-1030, was enacted subsequent to *Merchants Nat. Bank.*

We find nothing in the statute which requires us to make a distinction between property under levy but prior to sale and property "returned or assessed with other property." See *Durham v. Smith,* 186 Ga. 565 (198 SE 734) (1938). The statute specifically allows for payment of taxes assessed against "one or more pieces of such property." Ford was not required to pay the entire amount of Thompson's past due ad valorem taxes, nor did it request release of liens on any more than the 44 vehicles upon which it paid the taxes and fees.

We likewise find appellant's argument regarding the impairment of the Tax Commissioner's ability to collect taxes unpersuasive. Code Ann. § 91A-1030 "in no wise restrains or restricts the right to tax . . . The tax on the [property] on which the petitioner [Ford] has a lien [security interest] is paid as fully, when the proceedings authorized by the statute have been completed, as if collected directly from the defendant in execution. It may, of course, result in the taxing authorities being without any [property] upon which to levy if the [other] property be secreted [or sold], and thus the lien of the . . . county to that extent become ineffective, but the Constitution does not purport . . . to protect the lien of a tax. If the lien here be rendered impotent as to the [property], it will merely have suffered the fate of many liens for taxes . . ." *Aldridge,* supra, p. 290.

Summary judgment in favor of appellee was correct.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 7, 1982.

*Harold T. Daniel, Jr., Susan E. Barker Forsling,* for appellant.
*Stephen H. Block, Michael J. Bowers, Attorney General, Warren Schwartz, Assistant Attorney General,* for appellee.