## A97A0537. STATE OF GEORGIA v. FOOTE.
### (483 SE2d 628)

ELDRIDGE, Judge.

Appellee Otis Bernard Foote objected to the State's complaint for forfeiture. The trial court sustained appellee's objection and denied the State's complaint. The State appeals. We affirm.

The record shows that officers of the Athens-Clarke County Police Department went to Eastwood Courts apartments at approximately 4:00 p.m. in order to serve an arrest warrant on an individual for a charge of selling cocaine. This prior purchase which resulted in the issuance of the arrest warrant had allegedly been made at a transformer station in the rear of the apartments, a location described by the officers as a "high drug sale area." As the officers approached the area, they saw several individuals, including appellee Foote, standing around the transformer. Foote was not the person upon whom the officers had come to serve the warrant; however, he ran when he saw them. While appellee was running, he threw down a plastic baggie which was retrieved by the officers and which appeared to contain a controlled substance. Foote was caught by the officers and arrested. Money in the amount of $826 was found on the appellee and was seized. The contents of the baggie were tested and showed positive for cocaine. The total weight of the substance was 1.8 grams. A test for purity was not performed by the crime lab, and there was no testimony as to the amount of cocaine in the sample.

Prior to the disposition of the criminal charges facing appellee, the State filed a complaint for forfeiture against the $826 pursuant to OCGA § 16-13-49, which permits the forfeiture of property in drug cases involving more than "one gram of cocaine." OCGA § 16-13-49 (e). Appellee objected to the forfeiture, and after hearing argument on the issues, the trial court sustained the objection. The trial court found that the State failed to prove that the 1.8-gram sample of contraband seized from Foote, which sample tested positive for cocaine, was more than one gram of actual cocaine so as to support forfeiture pursuant to OCGA § 16-13-49 (e). *Held*:

1. The State contends that the trial court misinterpreted OCGA § 16-13-49 (e) as requiring more than one gram of "pure" cocaine to support forfeiture. We do not agree with the State for the reasons that follow.

Because it is a special statutory proceeding, the forfeiture statute, OCGA § 16-13-49, is strictly construed. *State v. Henderson*, 263 Ga. 508 (436 SE2d 209) (1993). In construing a statute, a court must first look to the literal meaning thereof; if the language of the statute is plain and does not lead to absurd results, the court simply construes it according to its terms. *Jones v. Sauls*, 213 Ga. App. 55, 56 (443 SE2d 693) (1994). Accordingly, we look to the plain meaning of

OCGA § 16-13-49 (e), which states in pertinent part that "[a] property interest shall not be subject to forfeiture under this Code section for a violation involving one gram of cocaine or less[,]" and we apply the plain meaning to the question raised herein.

The query under the facts in the case sub judice is whether evidence that a 1.8-gram sample is "positive" for cocaine meets the State's burden of proof under the statute.[1] The answer, governed by the plain language of the statute, is no. The State must demonstrate that the sample consists of more than "one gram of *cocaine*" in order to sustain forfeiture under OCGA § 16-13-49, not simply that the sample, more than a gram, is "positive" for some undetermined amount of cocaine.[2] Moreover, the State's arguments demonstrate the correctness of this interpretation.

The State contends that "if the Legislature had intended to require a one gram minimum of 'pure' cocaine, it would have included this more specific language in the statute." In fact, the Legislature did specify "pure" cocaine by referring to the contraband as *cocaine*, rather than "a mixture thereof" or simply a "controlled substance." See OCGA §§ 16-13-21 (4); 16-13-30 (a); 16-13-31 (a) (1). A review of Articles 1 through 5 of Chapter 13, Title 16, of the Official Code of Georgia demonstrates the depth and breadth of the legislature's attempts to deal with crimes involving controlled substances of all types, quantities, and mixtures. Such review shows, to quote the State, "that the Legislature has considered the issue of cocaine purity in drafting many statutes . . . [and] the Legislature is aware of the distinction between pure and mixed controlled substances. Further, the fact that the Legislature chose to impose the additional requirement of minimum purity levels in *certain*, but not all, of these statutes illustrates the Legislature's desire to distinguish situations in which a minimum purity level is intended"; as it, likewise, illustrates the legislature's ability to distinguish situations in which no purity level is intended. In other words, if the legislature had intended for something other than "cocaine" to support forfeiture under the statute, the General Assembly could easily have said so. Clearly, then, the legislature's considered decision to require, at a minimum, more than "one gram of cocaine" in order to sustain forfeiture under OCGA § 16-13-49 means exactly that: the involvement of more than a gram of *cocaine*, and not a mixture of more than a gram, or more than a

---

[1] The plaintiff in a forfeiture action has the initial burden of presenting a prima facie case that the defendant's property is subject to forfeiture. *State of Ga. v. $640,786 in U. S. Currency*, 712 FSupp. 180 (N.D. Ga. 1989).

[2] Unless the seized sample, one gram or less, is used to facilitate a sale or transaction involving controlled substances, a situation that is not before this Court. OCGA § 16-13-49 (e).

gram of a controlled substance.[3] See also *White v. State*, 264 Ga. 547 (448 SE2d 354) (1994) (plain meaning of OCGA § 16-13-49 does not permit forfeiture based upon possession of counterfeit controlled substances).

We are aware, as appellant advises, that testing for purity levels in order to meet the State's burden of proof under OCGA § 16-13-49 may place an additional strain upon crime laboratory resources, as well as State funds. Nonetheless, the State's interpretation of the statute cannot be engrafted upon the plain language of the act simply to avoid the potential for added responsibility and expense. Further, appellant's invitation to this Court to so interpret the statute judicially must be declined as such matters are, perforce, addressed to the legislature. "If the legislature does plainly and distinctly declare its intention, the act is not open to construction; it needs and can receive none. It stands self-interpreted, and courts have nothing to do but to enforce it." (Citations and punctuation omitted.) *Aldridge v. Fed. Land Bank &c.*, 203 Ga. 285, 289 (46 SE2d 578) (1948).

Consequently, we conclude that the trial court did not err in denying the State's complaint for forfeiture pursuant to OCGA § 16-13-49.

2. The State also argues that the trial court erred in denying the forfeiture complaint because Foote "failed to prove by a preponderance of the evidence that he qualified for an 'exception' to forfeiture found in OCGA § 16-13-49 (e)." This argument is meritless. While OCGA § 16-13-49 (e) (1) through (5) contain exceptions to forfeiture, that portion of OCGA § 16-13-49 (e) about which the appellant complains does not state an exception; instead that portion of the statute sets forth a requirement that the State prove a violation of the Georgia Controlled Substances Act involving more than a gram of cocaine *before* any property interest may be subject to forfeiture under OCGA § 16-13-49. Obviously, this requirement is not an "exception" to forfeiture, but is an essential element of proof if the State intends to proceed under the statute.

In the instant case, the State had the initial burden to prove, prima facie, that the $826 was subject to forfeiture under OCGA § 16-13-49, which proof included evidence that the contraband involved was more than a gram of cocaine. The trial court found that the State failed to meet its initial burden. There was no error in the assignment of proof.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

---

[3] Unless the evidence also demonstrates that more than a gram of cocaine is contained in the mixture or controlled substance.

DECIDED MARCH 5, 1997.

*Harry N. Gordon, District Attorney, John A. Pursley, Assistant District Attorney*, for appellant.
*James W. Smith*, for appellee.