## A01A0450. BELL v. STATE OF GEORGIA.
### (548 SE2d 35)

BLACKBURN, Chief Judge.

In conjunction with his arrest for driving under the influence and possession of cocaine with intent to distribute, the State seized cocaine and $1,583 in U. S. currency from Brian Bell's vehicle. The State filed a complaint for forfeiture in rem of the currency. After a bench trial, the trial court ruled that the currency was contraband and therefore forfeited. Bell appeals, contending that the trial court erred because there was no competent evidence showing the purity of the cocaine found in the vehicle. We agree and reverse.

"Because the evidence at [a] forfeiture hearing was uncontroverted and no question regarding the credibility of witnesses was presented, we conduct a de novo review of the trial court's application of law to the undisputed facts." (Punctuation omitted.) *Migliore v. State of Ga.*[1]

OCGA § 16-13-49 (e) permits the forfeiture of property in drug cases involving more than "one gram of cocaine." In *State of Ga. v. Foote*,[2] the State argued that OCGA § 16-13-49 (e) does not require more than one gram of "pure" cocaine to support forfeiture. We disagreed and ruled that the State must demonstrate that a seized sample of cocaine must consist of "more than 'one gram of *cocaine*' in order to sustain forfeiture under OCGA § 16-13-49, not simply that the sample, more than a gram, is 'positive' for some undetermined amount of cocaine." (Emphasis in original.) Id. at 223.

At the trial, an investigator testified that the seized substance tested positive for cocaine and that the substance, including the bag, weighed 6.8 grams. Bell contends that, under *Foote*, this testimony was insufficient to show that the seized substance constituted more than one gram of cocaine because the substance was not tested for purity.

The State concedes that a reversal is warranted under *Foote*, but urges this court to revisit that decision "[i]n view of the administrative inconvenience to state crime lab personnel entailed in dragging them away from their work to testify in matters of this kind." This argument has previously been raised and decided adversely to the State:

> We are aware, as [the State] advises, that testing for purity levels in order to meet the State's burden of proof under OCGA § 16-13-49 may place an additional strain upon crime laboratory resources, as well as State funds. Nonetheless,

[1] *Migliore v. State of Ga.*, 240 Ga. App. 783, 784 (525 SE2d 166) (1999).
[2] *State of Ga. v. Foote*, 225 Ga. App. 222-223 (1) (483 SE2d 628) (1997).

the State's interpretation of the statute cannot be engrafted upon the plain language of the act simply to avoid the potential for added responsibility and expense. Further, [the State's] invitation to this Court to so interpret the statute judicially must be declined as such matters are, perforce, addressed to the legislature.

*Foote*, supra at 224. We are compelled to reverse.

The State further argues that Bell did not testify at the forfeiture proceeding and did not dispute the State's allegation that he was in possession of the quantity of cocaine contended by the State. The State apparently contends that it does not have the burden of proof on this issue and that Bell has a duty to disprove the State's contentions. The State goes on to argue that reversing the decision of the trial court and remanding this case back to that forum for a new forfeiture proceeding (the propriety of such new proceeding is not before us) will be an utter and complete waste of law enforcement, prosecutorial, and judicial resources. Any waste of law enforcement, prosecutorial, and judicial resources that might result from this reversal is directly attributable to the failure of the State to meet its burden, notwithstanding the clear mandate of *Foote*, supra.

This court is not free to ignore the plain language of OCGA § 16-13-49, and the State should address its request to modify that statute to the legislature. Neither are we permitted under the federal and state constitutions and the statutory law of Georgia to relieve the State of its burden and to place same on the defendant. *Aldridge v. Fed. Land Bank of Columbia.*[3]

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED APRIL 19, 2001.

*William J. Sussman*, for appellant.
*Daniel J. Craig, District Attorney, Rebecca A. Wright, Charles R. Sheppard, Assistant District Attorneys*, for appellee.

---

[3] *Aldridge v. Fed. Land Bank of Columbia*, 203 Ga. 285, 289 (46 SE2d 578) (1948).