**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 15, 2012**

# In the Court of Appeals of Georgia

A12A1132. DAVIS v. THE STATE OF GEORGIA.          DO-052

DOYLE, Presiding Judge.

Following a bench trial in a civil in rem forfeiture proceeding, Kedrick Davis appeals from an order forfeiting $3,415 in currency found on his person by police during a drug investigation. Davis contends that the evidence was insufficient to support a finding that the property was subject to forfeiture under OCGA § 16-13-49. Based on a review of the record, we conclude that the evidence failed to support the order of forfeiture, so we reverse.

The record shows that in February 2010, police were investigating drug activity at a house known to be the location of drug transactions. They followed a vehicle that had been parked in front of the residence to another residence that had been the site of numerous drug arrests. Once the car stopped, officers engaged the driver, Davis,

who was cooperative with their questions. Davis agreed to the officers' request to search the vehicle, and the officers found "approximately 1.0 grams of cocaine on the passenger floorboard of the vehicle." Davis was arrested, and a subsequent search of his person revealed $3,415 in currency in his pants pockets.

The Sheriff's Office filed a complaint for forfeiture in rem, seeking title to the currency found on Davis at his arrest. Davis filed a notice of claim and an answer to the complaint, objecting to the forfeiture. The trial court held an evidentiary hearing and awarded the currency to the Sheriff's Office, giving rise to this appeal by Davis.

Davis argues that the currency was not subject to forfeiture because of the following provision of the forfeiture statute: "A property interest shall not be subject to forfeiture under this Code section for a violation involving only one gram or less of a mixture containing cocaine . . . unless said property was used to facilitate a transaction in or a purchase of or sale of a controlled substance or marijuana."[1] The State does not contend that the currency was used to facilitate a drug transaction, and there is no evidence to that effect, so the State was required to prove that the money was associated with a drug violation involving more than one gram of cocaine.

---

[1] OCGA § 16-13-49 (e) (2).

2

This case is controlled by *Bell v. State*,[2] which states as follows:

OCGA § 16-13-49 (e) permits the forfeiture of property in drug cases involving more than "one gram of cocaine." In *State of Ga. v. Foote*,[3] the State argued that OCGA § 16-13-49 (e) does not require more than one gram of "pure" cocaine to support forfeiture. We disagreed and ruled that the State must demonstrate that a seized sample of cocaine must consist of more than "one gram of cocaine" in order to sustain forfeiture under OCGA § 16-13-49, not simply that the sample, more than a gram, is "positive" for some undetermined amount of cocaine.[4]

Here, the only evidence as to the amount of the cocaine found was the testimony from an officer that it was "approximately 1.0 grams" and that the cocaine field tested positive for the presence of cocaine. There was no evidence as to the purity of the "approximately 1.0 grams" of cocaine found. Absent other evidence, this is inadequate in a forfeiture proceeding such as this one: "The State must demonstrate that the sample consists of more than 'one gram of *cocaine*' in order to sustain forfeiture under OCGA § 16-13-49, not simply that the sample, here approximately

---

[2] 249 Ga. App. 296 (548 SE2d 35) (2001).

[3] 225 Ga. App. 222-223 (1) (483 SE2d 628) (1997).

[4] (Punctuation and emphasis omitted.) *Bell*, 249 Ga. App. at 296.

3

a gram, is 'positive' for some undetermined amount of cocaine."[5] In light of the holdings in *Bell* and *Foote*, we conclude that the evidence presented by the State was insufficient to support the forfeiture. Accordingly, the trial court erred by entering the forfeiture order giving title to the Sheriff's Office.

*Judgment reversed. Andrews and Boggs, JJ., concur.*

---

[5] (Emphasis in original.) *Foote*, 225 Ga. App. at 223 (1).